## HART v. KERR.

No. 6938. Decided December 20, 1946. (175 P. 2d 475.)

See 42 C. J. Motor Vehicles, sec. 624; 5 Am. Jur. 751. Automobile crossing street at point other than intersection, note, 57 A. L. R. 1106.

*David J. Wilson,* of Ogden, for appellant.

*Thatcher & Young,* of Ogden, for respondent.

PRATT, Justice.

This is an appeal from a judgment upon a directed verdict of no cause of action. A similar verdict was directed as to the counterclaim, but the defendant does not appeal therefrom.

The action was initiated in the City Court of Ogden City by a complaint in negligence for damage to plaintiff's automobile in the sum of $750. Defendant counterclaimed

in negligence for damage to his automobile of $617.14 and personal loss and injury in the sum of $997 or a total of $1669.14. Recognizing that the City Court had no jurisdiction of the counterclaim the parties stipulated that the case might be transferred to the district court for trial, and that defendant would pay all costs of transfer including filing the case in the district court. There is no provision under our statutes for such a transfer, therefore the case will be treated as if it were originally filed in the district court after dismissal in the city court. Incidentally this will eliminate one of plaintiff's assignments of error to the effect that jurisdiction cannot be conferred upon a court by stipulation.

Plaintiff was traveling north on the east side of Washington Boulevard in Ogden, Utah. When he reached a point near the corner of 17th Street he was forced by repair work upon the highway to turn to his left and upon the east lane of the west side of Washington in order to continue on north had that been his intention. About the same time defendant was driving south on Washington Boulevard on the west side thereof leaving room for north bound traffic to pass the obstruction. There was room for both parties to pass the intersection simultaneously. However, it was not plaintiff's intention to continue on north. Instead he crossed or attempted to cross to the west side of Washington Boulevard for parking purpose. This ran him in front of defendant's automobile and the latter crashed into him causing considerable damage to both cars. Defendant's car was a large 1941 Cadillac sedan and plaintiff's car a 1939 Dodge coupe.

The record shows that defendant was traveling anywhere from 35 to 50 miles per hour (these being the limits of the testimony of the witnesses), that his car skidded about 39 feet after his application of the brakes upon discovery of plaintiff's turn into his path, and that after the impact it traveled about 5 feet farther. Plaintiff saw defendant coming as plaintiff claimed some 300 feet north of the point of the impact, but apparently did not appreciate his prox-

imity to the point of turn, viewed in the light of defendant's speed, until the turn was made. There is a conflict as to whether or not plaintiff extended his hand indicating his intention to turn. He slowed down from about 20 miles per hour and crossed in front of defendant's path, but did not stop before entering that path. However, he admits that he could have stopped had he desired. Defendant was familiar with the obstruction, and that it was necessary for north bound traffic to swing to the west side of the obstruction in order to continue north.

Plaintiff testified that he gave his signal that he was going to turn when he saw defendant's automobile some 300 feet away (175' beyond 17th while he was 125' south), that he drove about 30 or 40 feet then turned; and that he was going 20 miles per hour and defendant was traveling 40 miles per hour. These of course are estimates, and their effect is this: While plaintiff was traveling these 40 feet defendant must have traveled 80 feet. However, plaintiff was slowing down for the turn, which would add some distance to defendant's automobile which did not slow down. Thus in this period of time something over 120 feet of the 300 feet was accounted for before plaintiff turned into defendant's path. If on the other hand the testimony of one witness that defendant was traveling at 50 miles per hour is accepted, the distance became greater that defendant's automobile had traveled before plaintiff made his turn.

The turn was not made at an intersection, but south of the intersection some 50 feet (see Sec. 57-7-125(a) (2) as to driving to left side of road within 100 feet of an intersection). Defendant testified that no turn signal was given and that plaintiff was in the lane of north bound traffic preceded and followed by an automobile.

Plaintiff's automobile received the brunt of the crash in the fore part of the right-hand side.

There seems to be rather an obvious conclusion at which to arrive from the evidence. Plaintiff knew defendant was coming fast (he testified 40 miles per hour) ; and plain-

tiff's automobile was hit in front of its center—the conclusion: Plaintiff took a chance upon a faulty estimate of distances and speed and lost. Considering the duty imposed upon plaintiff by section 57-7-133 U. C. A., 1943, he clearly was at fault. We invite attention to our recent decision of *Cederloff* v. *Whited*, 110 Utah 45, 169 P. 2d 777, where this section is discussed. In this case as in that the contact between the cars was such as to indicate that one party was too close at the speed he was going for the other to attempt a crossing. We are of the opinion that the principles of the Cederloff case are decisive of this case. The lower court properly directed a verdict of no cause of action.

Plaintiff assigns as error the awarding to defendant of costs in the lower court. We are of the opinion that there is no merit to that assignment in view of the decision of this Supreme Court in *Checketts* v. *Collings*, 78 Utah 93, 1 P. 2d 950, 75 A. L. R. 1393.

Plaintiff assigns as error an alleged failure of the lower court to specify the grounds upon which he directed a verdict of no cause of action. He cites *Smalley* v. *Rio Grande Western R. Co.*, 34 Utah 423, 98 P. 311. We see no merit to this assignment as the lower court specifically indicated that he directed verdicts because he believed both parties were negligent and in particular plaintiff was negligent in failing to make the observation which the statute placed upon him before going across the lane in "direct passage of another car." Plaintiff was sufficiently informed of the grounds of the court's action to enable him to take such steps as he deemed necessary for the protection of his rights. See also *Christensen* v. *Utah Rapid Transit Co.*, 83 Utah 231, 27 P. 2d 469.

The judgment of the lower court is affirmed. Costs to respondent.

LARSON, C. J., and McDONOUGH, WADE, and WOLFE, JJ., concur.