518

YEATES v. BUDGE.
BUDGE v. YEATES.

No. 7851, 7852.   Decided January 12, 1953   (252 P. 2d 220.)

See 61 C. J. S., Motor Vehicles, sec. 519. Right of way at highway intersection. 5 Am. Jur., Automobiles, sec. 287; 47 A. L. R. 595.

*George D. Preston,* Logan, for appellants.

*Gordon R. Strong of Rich & Strong,* Salt Lake City, *Dale T. Browning,* Ogden, for respondent.

WOLFE, Chief Justice.

These are appeals of two actions arising out of the collision of an automobile driven by Mrs. John M. Yeates, with. an automobile driven by Archie L. Budge, occurring at a highway junction in Cache County, just south of the Logan City limits. Case No. 7851 is an action by Mr. John B. Yeates, owner of the vehicle driven by his wife, against Budge to recover for damages to his automobile. Case No. 7852 is an action by Budge versus Mrs. Yeates to recover damages for personal injuries which he sustained and for damage to his vehicle; Mrs. Yeates counterclaimed for personal injuries which she suffered in the accident. The two cases were consolidated for trial before the court below, sitting without a jury, who found that both Mrs. Yeates and Budge .were negligent in the operation of their vehicles, but that the negligence of Mrs. Yeates was the sole proximate cause of the accident. A judgment of no cause of action was renderd in case No. 7851, and in case No. 7852 judgment was entered against Mrs. Yeates and her counterclaim against Budge dismissed. Mr. and Mrs. Yeates appeal contending that the court erred in not finding that Budge's negligence was a proximate cause of the accident.

The accident occurred on September 11, 1951, at about 6:00 p. m. at the junction of Utah Highway 101 with U. S. Highway 91. As will be seen from the sketch appearing below, the highways at the junction form a Y. Utah Highway 101 branches off from U. S. Highway 91 and runs south to Nibley and Hyrum. U. S. Highway 91 curves to the southwest and runs to Wellsville, Brigham City and points south. The latter is a four-lane highway between Logan and the junction, but is a two-lane highway south of the junction as is Utah Highway 101. There is a stop sign on the east side of Highway 101 where it joins with U. S. 91 requiring traffic coming from the south of Highway 101 to stop before entering upon U. S. 91. Mrs. Yeates had left Logan and was proceeding south in the outside west lane.

Intending to take the highway to Nibley, she gave an arm signal and moved into the inside lane next to the double center lines. Her speed was about 25 m. p. h. Budge was traveling northeast on U. S. Highway 91 approaching the junction. Mrs. Yeates testified that when she was about at a point 100 feet north of point A on the sketch, Budge was opposite point A, that she knew Budge intended to continue north into Logan; that without signalling, she applied her brakes and turned her car to the left across the path of the Budge vehicle, not knowing whether she could safely proceed or not; that she expected Budge to pass to the rear or west of her car, but when the front end of her automobile was over the center lines and was practically stopped, the two cars collided. Both drivers were familiar with the intersection and neither claimed their vision was obstructed in any manner.

Budge testified that as he neared the junction he decreased his speed from 35 m. p. h. to 30 m. p. h.; that he first observed the Yeates vehicle when it was about 500 feet away; that there was an ambulance coming from the north ahead of the Yeates car. Thinking that the ambulance might take the highway to Nibley and Hyrum, Budge testified he decreased his speed in order that he could stop in deference to the ambulance if it became necessary; that the ambulance did not take the Hyrum road but continued along U. S. 91 toward Brigham City; that he had no idea Mrs. Yeates intended to take the highway to Nibley and Hyrum until the two vehicles were about 25 to 30 feet apart when she abruptly turned across his path without signalling beforehand her intention to do so; that he applied his brakes and turned to the right but struck the right front end of her car with the left front end of his automobile. Four passengers in the Budge automobile corroborated in substance the testimony of Budge as to the events leading up to the collision.

Ronald Reese, a state highway patrolman who investigated the accident, testified that when he arrived on the scene the vehicles were in the positions indicated on the sketch. The Yeates vehicle was headed almost due east with its front wheels nine feet over the center lines and 21 feet west of the east edge of the pavement. Its rear wheels were 26 feet east of the west edge of the pavement. The pavement is 60 feet wide. Reese found 37 feet of brake marks had been laid down by Mrs. Yeates and that the Budge car had laid down 41 feet of brake marks and had traveled 13 feet after the impact, although Budge and one of his passengers testified that Reese measured the brake marks of both cars from their commencement to the point of impact and thus the length of each of the cars would have to be substracted from his measurements to determine the actual braking distance; and that by doing so the marks indicate the vehicles were about 40 feet apart when the brakes on both cars were applied.

The sole assignment of error is that the court erred in finding that Budge's negligence in driving too fast for existing conditions was not a proximate cause of the accident, and that the negligence of Mrs. Yeates in making a left turn in front of Budge's vehicle when it was so close as to constitute an immediate hazard was the sole proximate cause of the accident. We find no error. Despite the contention of Mrs. Yeates that she was not making a left hand turn from U. S. 91 onto Utah Highway 101, but that she was on Highway 101 and intended to remain on it, we think the opposite was true. North of the junction the highway is known as U. S. 91 and is designated accordingly by highway markers. Highway 101 commences at the junction and runs south. Mrs. Yeates was on U. S. 91 and attempted to turn onto Highway 101. In so doing, she, of necessity, had to turn across a lane traveled by oncoming traffic. Sec. 57-7-137, U. C. A. 1943, controlling the matter of turning left at an intersection, provides:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn."

Under Sec. 57-7-78(ii), U. C. A. 1943, the junction of highways involved in this case was an intersection.

From the evidence adduced at the trial that Mrs. Yeates attempted to turn across the path of Budge when he was only 40 feet away, the trial court could reasonably conclude that Budge was so close as to constitute an immediate hazard and that she should have yielded the right-of-way to him. While the evidence was all to the effect that Budge's speed was below the posted speed limit, the court could have reasonably found that it was too fast for existing conditions. However, in view of the fact that Mrs. Yeates admittedly did not signal her intention to turn onto Highway 101 and that there was testimony and physical evidence that Mrs. Yeates made her turn when Budge was only 40 feet away, it was not unreasonable to conclude that Budge's negligence was not a proximate cause of the ensuing accident. (In order to stop in 40 feet a vehicle could only be traveling at about 20 m. p. h. according to figures published by Utah Highway Patrol.) The front wheels of the Yeates car were only 9 feet over the center lines when the collision occurred, indicating that Budge was very close when she turned across his path. Thus, the lower court could have concluded that had Budge been driving at a proper speed in view of existing conditions, he would have nevertheless been helpless to stop short of colliding with the Yeates vehicle. It is no answer to say that Budge could have avoided the accident by turning to the left and passed to the rear or west of the Yeates vehicle since to have done so would have placed Budge on the wrong side of the four-lane highway at a

curve. We cannot say the lower court was compelled to find him negligent in not doing so, even though there was testimony that the west side of the highway at that point was free from traffic.

For a prior decision of this court holding as a matter of law that the negligence of a defendant in making a left turn in front of an oncoming vehicle owned by the plaintiff was the sole proximate cause of the accident, see *Cederloff* v. *Whited,* 110 Utah 45, 169 P. 2d 777. We need not go to that extent in this case since the fact finder has found the negligence of the person making the left turn (Mrs. Yeates) to be the sole proximate cause.

There being competent evidence in the record to sustain the lower court's findings it follows that the judgment below in both cases must be and is affirmed. Costs awarded to respondent in both cases.

McDONOUGH, CROCKETT, HENRIOD and WADE, JJ., concur.