263 P.2d 796

## HAYDEN v. CEDERLUND.

### No. 7956.

Supreme Court of Utah.

Nov. 25, 1953.

1. Barton v. Alexander, 27 Idaho 286, 149 P. 471.

Raymond R. Brady and Richard C. Dibblee, Salt Lake City, for appellant.

E. R. Callister, Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from a judgment for defendant notwithstanding a verdict for plaintiff. Remanded with instructions to vacate the judgment notwithstanding the verdict, and to reinstate the judgment on the verdict. Costs to appellant.

Plaintiff was riding with his son, a business partner, in a truck driven by the latter at about 15 m. p. h. The truck was struck in the rear by a car driven in the same direction by defendant peace officer who stated that he was proceeding to another accident at 45–50 m. p. h. Plaintiff was thrown out and injured. His son stated he put his hand out of the open window about 100 feet from the intersection he was approaching, to signal a left turn; that just before he started his turn a car passed him to the right; that immediately thereafter the crash occurred, as he commenced the turn and and when he was beyond the center line of the highway from 3 to 15 feet (according to conflicting evidence); that he heard no siren; saw no flashing red light; did not look to the rear or in his rear vision mirror at any time after he signalled the turn. Defendant stated his siren and red flasher light were operating; that he did not see any signal given by the truck driver; that he was attempting to pass to the left of the truck and 3 cars trailing behind; that when he realized the truck was turning, he threw on his brakes and laid down 75 feet of brake marks before the collision. His car came to rest near the point of impact and the truck about thirty feet away.

The trial court denied a motion for a directed verdict, gave the case to the jury, who returned a verdict for plaintiff on instructions which included one to the effect that if they believed that the exercise of due care required the truck driver to look to the rear or in the rear vision mirror to ascertain if there were vehicles behind him, *and* such failure was the proximate cause of the collision, he would be guilty of contributory negligence (admittedly imputable to plaintiff) and plaintiff could not recover. The court then granted a motion for judgment notwithstanding the verdict on the ground that the failure of the truck

1. Cederloff v. Whited, 110 Utah 45, 169 P.2d 777; Hart v. Kerr, 110 Utah 479, 175 P.2d 475; Gibbs v. Blue Cab Co., Utah, 249 P.2d 213; On Rehearing Utah, 259 P.2d 294.

driver to look back or in his rear vision mirror, was negligence as a matter of law under our statute,[1] *and* that such failure, as a matter of law, was the proximate cause of the injury.

We have held that the statute requires a driver who is about to make a left turn to give way to oncoming traffic, and one executing such a turn is chargeable with negligence upon failure properly to judge speed or distance.[2] The driver here was in his proper lane, but was charged not with failure to heed oncoming traffic, but in failing to observe traffic behind. Aside from statute, whether one is negligent in failing to observe traffic approaching from the rear, after giving a proper signal in the proper lane of traffic, would be a jury question based on the particular facts of each case, unless reasonable minds could not differ as to the fact of negligence or non-negligence, —whence a *matter of law would arise.* One certainly would be negligent in law if without reason, he deliberately turned into the path of a speeding fire engine knowing it was attempting to pass, but hardly could he be charged with negligence in turning at an intersection without looking back or even signalling, if he were in the middle of a funeral procession with no warning of impending danger from the rear. Between the two extremes where negligence or non-negligence is determinable as a matter of law, is a wide territory ordinarily surveyed by the jury. We are not prepared to say that under all circumstances a violation of the statute mentioned would constitute negligence. Certainly a violation of the strict wording thereof could not be said to exist where a choice between saving life as opposed to property is concerned, as where a driver may choose to turn into a heavy piece of equipment in order to save a child's life. The complexity of modern traffic actually might present a situation where attempting to look to the rear or into a rear vision mirror, or failing to make a turn in violation of the statute may be so fraught with danger as to be an act or omission which itself may constitute lack of due care under the facts of a particular case.

We have said that violation of a traffic law constitutes negligence as a matter of law, but that such violation may not be the proximate cause of an injury. Without determining the correctness of the trial court's interpretation of the statute as applicable to the facts here, we believe in error the ruling that the driver's negligence,

1. Title 41–6–69, U.C.A. 1953: "(a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position on the roadway as required in section 41–6–66, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. * * *"

2. Cederloff v. Whited, 110 Utah 45, 169 P.2d 777; Hart v. Kerr, 110 Utah 479, 175 P.2d 475. See Annotation 57 A. L.R. 1106.

if any, because of violation of the statute or independently thereof, was a proximate cause of the injury.[3]

Viewing the evidence favoring the plaintiff, and recognizing that causation ordinarily is a matter for the jury unless reasonable minds could not differ as to its existence or the lack of it, we believe and conclude that there were facts here relating to proximate cause which, if believed by the jury, were such that reasonable minds could conclude that the end result was not efficiently caused or concurred in by the driver's negligence. In this connection, a car passed on the right just before the attempted turn, which, along with other facts, may have given rise to a reasonable conclusion: that those to the rear had seen and heeded the driver's signal. It is not unreasonable to anticipate that no one will attempt to pass another on the left in an intersection. Although such anticipation of itself may not preclude a finding of negligence in a given case, other facts, such as the passing of a car to the right, failure of one intending to pass to give an audible or visible signal of such intention, the high speed of a car approaching from the rear, physical facts which may tend to show that one approaching from the rear may have attempted to change his course and pass to the right of the truck (as another car a moment before had done), but was unsuccessful in the maneuver because of speed or miscalculation, in the aggregate may combine to make a factual situation essentially for the jury in conjunction with its privilege of appraising the credibility of the witnesses and the character of the evidence.

The jury resolved doubt in favor of the plaintiff, and with deference to the learned trial court's determination, we believe the facts do not demand a finding, as a matter of law, that the jury's conclusion was unreasonable or unfounded on competent evidence.

McDONOUGH, CROCKETT and WADE, JJ., concur.

WOLFE, Chief Justice.

I concur in the result on the ground that I think it was a question for the jury whether the driver of the truck was negligent.

3. Gibbs. v. Blue Cab Co., Utah, 249 P.2d 213; On Rehearing, Utah, 259 P.2d 294.