310 P.2d 521

Flora M. ROBISON, Plaintiff and
Respondent,

v.

Pete WILLDEN, a minor, by and through
his Guardian ad litem, Marvell Willden,
and Marvell Willden, Defendants and Appellants.

No. 8597.

Supreme Court of Utah.

May 1, 1957.

L. E. Midgley, Salt Lake City, for appellants.

Woodrow D. White, Salt Lake City, for respondent.

WADE, Justice.

Appeal from a judgment granted by the court sitting as the trier of the facts in favor of Flora M. Robison, for injuries sustained in a collision between an automobile being driven by her husband in which she was a guest, and a car owned by Marvell Willden and being driven by her son, Pete Willden, defendants below and appellants herein.

The question we have to decide is whether the evidence was insufficient as a matter of law to sustain the findings that Pete Willden was negligent and that such negligence was a proximate cause of the accident in which plaintiff's injuries were received.

The record discloses that the accident occurred at the intersection of Fifth East

Street with Hawthorne Avenue in Salt Lake City, Utah. Fifth East Street is a four-lane highway running in a northerly and southerly direction. Its lanes are separated for opposite bound traffic by yellow painted double lines in its center. It also has parking lanes on both its east and west sides. Fifth East Street is about 60 feet wide. About halfway between Fifth and Sixth South Streets, Fifth East Street is intersected on its east side by Hawthorne Avenue, which is a narrow street about 13 feet wide. Plaintiff resides on Hawthorne Avenue.

There were sharp conflicts in the evidence presented as to the lanes in which each car was being driven, their respective rates of speed, the point of impact and whether there was another car being driven in front of appellant's car in the lanes for northbound traffic. However, there was sufficient evidence from which the trier of the facts could reasonably have found that the accident occurred on October 18, 1955, at six p. m., about dusk. The atmosphere was clear and the pavement was dry. Shortly before the accident plaintiff's driver was proceeding south on the inside lane next to the yellow center lines. At the time of the accident there was fairly heavy traffic going south. As plaintiff's driver approached the intersection of Fifth East Street with Hawthorne Avenue he signalled with his turner signal lights his intention to turn. At the time he commenced to make his turn, the car being driven by Pete Willden was the only car proceeding north and was at that time observed by plaintiff's driver to be in the outside lane next to the curb at about Sixth South Street, which street is about 300 feet south of Hawthorne Avenue. The Robison car, progressing slowly, had entered sufficiently into the lanes for northbound traffic so that when the collision occurred appellant's car ran into its front door, damaging it and also the rear door and fender. Pete Willden admitted that he did not see the car in which plaintiff was riding before it made the turn and that he was first aware of it when it suddenly appeared in his headlights when it was too late for him to avoid the collision. There was also evidence that Pete Willden told one of the officers investigating the accident that as he was traveling north between Sixth South Street and Hawthorne Avenue he was looking at a parked car and didn't see the Robison car until it turned in front of him. After the impact the Willden car traveled 126 feet, and the Robison car came to rest against a third car parked north of the intersection of Hawthorne Avenue on the east side of Fifth East Street. The brakes on the Willden car, a 1949 DeSoto, were found to be defective and it made no brake marks on the highway.

The court found that appellant Pete Willden negligently failed to maintain a proper lookout and failed to yield the right of way

to the car in which plaintiff was riding. The court also found the driver of plaintiff's car guilty of contributory negligence.

Since the court could reasonably find from the evidence the facts to be as we have outlined above, it is apparent that if Pete Willden had kept a proper lookout he would have observed the Robison car slowly making its turn into the intersection when he was a sufficient distance away so that he could have stopped or swerved in time to avoid the collision, and his failure to make such observation and his continuing into the course of the turning car were proximate causes of the accident and injuries sustained by plaintiff, even though plaintiff's driver may have been negligent in continuing to slowly cross the course of defendants' car. The facts in this case are distinguishable from those in the case of Cederloff v. Whited, 110 Utah 45, 169 P.2d 777, because in that case the automobile making the left turn entered the lane intended for traffic traveling in the opposite direction when the plaintiff's car was so close that the collision occurred as soon as the "front end of defendant's car had reached a few feet into plaintiff's lane of traffic." Here the car in which plaintiff was riding had progressed into the outside lane of traffic for northbound cars before it was struck and appellant's car was not so close at the time the turn was commenced and made as to constitute an immediate hazard. The Robison car having started to make its turn when appellant's car was still about 300 feet south of it, if appellant had kept a proper lookout he would have been aware that the Robison car was slowly proceeding into the intersection and had gone a sufficient distance to indicate that it was not going to stop, and therefore should have yielded the right of way, and his failure to do so was a proximate cause of the collision. Martin v. Stevens, 121 Utah 484, 243 P.2d 747.

Affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, WORTHEN and HENRIOD, JJ., concur.