414 P.2d 88

Idonna STAPLEY, Plaintiff
and Respondent,

v.

SALT LAKE CITY LINES, a corporation,
Defendant and Appellant.

No. 10345.

Supreme Court of Utah.

May.17, 1966.

R. M. Child, Salt Lake City, for appellant.

Hanson & Baldwin, H. Wayne Wadsworth, Salt Lake City, for respondent.

**2**

HENRIOD, Chief Justice:

Appeal from a jury verdict for plaintiff, in an auto collision case. Affirmed, with costs to plaintiff.

The facts favorable to plaintiff may be abstracted and reviewed thusly on appeal as follows:

On a clear afternoon in January where the heavily traveled interstate highway was wet and about a six inch windrow had been pushed back onto the shoulder, defendant's bus driver pulled in front of the car in which plaintiff was a passenger and after two or three blocks pulled further over to the right to make a stop. He and the driver of the other car were going about thirty miles per hour, and the latter was following about 100 feet behind. The bus pulled to a stop, without a hand signal being given, but with a braking operation intended to illuminate the tail lights, which were obscured, however, by dirt incident to the wet weather. The bus driver stopped with the right wheels about one foot off the highway. Competent evidence indicates he could have pulled off the highway at the bus stop, which was an off-highway area composed of gravel, cinders and dirt, without miring down, and there was no obstacle to doing this except his own decision that where he did stop would keep his passengers from getting their feet wet,

and not because his bus would be mired down. He didn't recall having stopped there before, and did not know exactly where he was going to stop with relation to the coach stop sign posted in the vicinity. He did not recall having manipulated the brakes so as to operate the rear tail lights, although the record otherwise makes it appear that he did. He had not cleaned these lights, although he had cleaned the headlights and the windshield. Neither the driver of the car nor the plaintiff saw any lighting up of the tail lights or any turning signal. The bus driver was unaware of the car following, although it appeared this could have been observed by looking at the rear-view mirror in the bus. A rear end collision resulted, from which plaintiff suffered injuries, the subject of this litigation.

■ Defendant says (1) there was no evidence of negligence, (2) that the negligence of the driver of the car following the bus was the sole proximate cause of the collision, and (3) that the court erred in giving instructions 4 and 5, respectively having to do with (a) lack of knowledge of the bus driver as to what was following him, and (b) with respect to suddenly decreasing speed. As to (a), defendant bases it on its discussion under point (1) which we will discuss shortly and which will be controlling here.[1] As

1. Hayden v. Cederlund, 1 Utah 2d 171, 263 P.2d 796 (1953).

to (b), the defendant asked for no instruction as to suddenly decreasing speeds. Although there was testimony by witnesses that seems to be to the effect that the bus stopped gradually, it was given in an atmosphere of physical facts, perhaps reflecting a sudden collision. This may have shed doubts about this facet of the case as to have presented a jury question, so as to make the instruction proper and certainly non-prejudicial.

As to (1) above, we think the competent admissible evidence favorable to the victor, as abstracted above, was such as justified reasonable men to arrive at the verdict rendered which resolves (3)(a) above. This certainly is not factually the strongest case in the world. We are constrained to believe we would have sustained a verdict for defendant, if it had been rendered. But under our rules of appellate review, where the jury is arbiter of the facts, negligence, contributory negligence, cause of the injury, and the like, we decide this case as we do.

As to (2) above, we hesitate to confirm the contention therein, having said what we have said above, in the light of the jury's verdict.

McDONOUGH, WADE, and CALLISTER, JJ., concur.

CROCKETT, Justice (dissenting).

I dissent. I am in accord with what is said in the main opinion except as to the conclusion drawn. I agree with the defendant's contentions set forth therein. I am unable to see any act or omission on the part of the defendant company or its driver which could reasonably be regarded as negligence which proximately caused plaintiff's injury. On the contrary it seems to me that plaintiff's husband driving into the rear of the bus in broad daylight was the sole proximate cause of the collision. See discussion in Hillyard v. Utah By-Products Co., 1 Utah 2d 143, 263 P.2d 287.