418 P.2d 779

Idonna STAPLEY, Plaintiff and Respondent,

v.

SALT LAKE CITY LINES, a corporation,
Defendant and Appellant.

No. 10345.

Supreme Court of Utah.

Oct. 7, 1966.

R. M. Child, Salt Lake City, for appellant.

Hanson & Baldwin, H. Wayne Wadsworth, Salt Lake City, for respondent.

TUCKETT, Justice:

This court granted appellant's petition for rehearing, 18 Utah 2d 1, 414 P.2d 88, because some members entertained doubt as to whether prejudicial error might not have been committed in the instructions to the jury under the facts disclosed in the record.

On rehearing and reconsideration of the issues, we adhere to our prior decision. Appellant argues specifically that an in-

struction dealing with whether there was timely warning of an intention to stop had been given by defendant's driver was abstract, and that there was no basis in the evidence to justify it. The instruction stated:

"The illumination of a brake light on a vehicle which is actuated by depressing the brake pedal does not meet the requirements of giving an appropriate signal before stopping or suddenly decreasing speed unless it is actuated by a gentle pressure of the brake pedal in advance of the actual time of the sudden stop or decrease of speed is made. If the brake-light is actuated only when the brake pedal is depressed for a sudden stop or decrease in speed, it affords no warning of the stop or decrease in speed since it is made simultaneously with the sudden stop or decrease in the speed of the vehicle."

A careful re-examintion of the record convinces us that this instruction was not merely one advising the jury upon an abstract principle of law having no relation to an issue or evidence in the case. Under the facts and circumstances disclosed in the record it is our view that from the evidence the jury could reasonably believe that the bus made a sudden stop and therefore the question of whether an effective, timely and observable signal to stop was given by the bus driver to the driver of the car in which respondent was riding was a vital issue in the case. The trial court therefore did not err in giving the instruction quoted above.

Affirmed. Costs to respondent.

HENRIOD, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, J., reaffirms his dissent to the previous decision.