350 P.2d 616

Ernest C. TUTTLE, Plaintiff and Respondent,

v.

HI–LAND DAIRYMAN'S ASSOCIATION, Ray Harris; and Elmer Houston, Clerk of the Murray City Court, Defendants and Appellants.

No. 9126.

Supreme Court of Utah.

March 23, 1960.

W. C. Lamoreaux, Salt Lake City, Robert R. Dansie, Murray, for appellants.

J. Richard Bell, Jacque B. Bell, Salt Lake City, for respondent.

WADE, Justice.

This is an appeal by the Hi-Land Dairyman's Association, a corporation, Ray Harris, its credit manager, and Elmer Houston, the Clerk of the Murray City Court, from a judgment of the District Court granting a money judgment against the corporation and enjoining the corporate appellant and Ray Harris, its credit manager, from instituting proceedings in the small claims division of the Murray City Court, except through an attorney, and enjoining the clerk of the court from issuing garnishments out of the small claims division of that court.

The facts are that Ray Harris, the credit manager of Hi-Land Dairyman's Association for and on its behalf commenced an action against Ernest C. Tuttle in the small claims division of the Murray City Court for monies due the corporation for merchandise purchased by Tuttle. He did this by preparing and executing an affidavit setting forth the nature and basis of the claim. An order was then issued and served on Tuttle. At the hearing Harris testified for the corporation. Tuttle admitted owing the money and the court granted judgment. Tuttle having failed to pay the judgment a garnishment was issued by the clerk of the court and the judgment was collected by service of a garnishee execution. This suit was commenced for the return of the money so collected and for injunctions against the corporation from proceeding further in the small claims court without an attorney and against the clerk of the court for issuing garnishments out of that court.

Appellants' main contentions are that the court erred in finding that (1) a corporation cannot institute proceedings in the small claims court except through a licensed attorney and (2) that the clerk of such court cannot issue garnishments.

As to the contention that the court erred in finding that a corporation cannot proceed in a small claims court except through a licensed attorney, appellants argue, and we agree, that a corporation is a "person" within the meaning of the provisions of Sec. 78-6-2, U.C.A.1953. That section provides that actions may be maintained in the small claims court by any person who executes an affidavit setting forth the nature of the claim. However, from the fact that a corporation is a "person" which can maintain an action in a small claims court, it does not follow that

any officer or employee of such corporation can properly institute such an action by executing such affidavit and appearing in behalf of the corporation at the hearing provided in the Small Claim Courts Act. Corporations are different in that respect from natural persons. A corporation cannot practice law and must have a licensed attorney representing it in court matters. As stated in Paradise v. Nowlin,[1] on page 867 of the Pacific Reporter:

"A composite of the rule in the decided cases, overwhelmingly sustained by the authorities, may be thus stated: A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria persona * * *."

■ The case of Paradise v. Nowlin, supra, then goes on to point out the reason for the court's holding in the case of the Prudential Insurance Co. v. Small Claims Court[2] that a corporation may appear in that court through its officers or agents was because attorneys were expressly excluded by the provisions of their statute from taking part in the litigation of claims in the small claims court, and therefore, of necessity, since a corporation is a "person" within the meaning of the small claims act, it must act through some natural person, other than a licensed attorney if it is to be represented at all. Our Small Claims Courts Act does not prohibit attorneys from practicing law in the small claims courts although the purpose of the Act is to make it possible to dispose of all actions in an informal manner from its inception to its end so that speedy justice may be dispensed between the parties.[3] Had our legislature intended to change the law anent the proscription of corporations being represented in court proceedings by any one other than a licensed attorney it could easily so have provided. This it failed to do. The court therefore did not err in finding that a corporation must act through a licensed attorney.

■ Appellants' contention that garnishments may issue out of small claims courts because Rule 64D (b) (2) of U.R.C.P. which deals with the issuance of a writ of

1. Paradise v. Nowlin, 86 Cal.App.2d 897, 195 P.2d 867.

2. Prudential Ins. Co. v. Small Claims Court, 76 Cal.App.2d 379, 173 P.2d 58, 167 A.L.R. 820.
3. Sec. 78–6–8, U.C.A.1953.

garnishment after judgment, repealed that portion of Sec. 78-6-8, U.C.A.1953, which provides that: " * * * No attachment or garnishment shall issue from the small claims court, but execution may issue in the manner prescribed by law * * *" is without merit. That Rule replaced the provisions of Sec. 104-19-23, U.C.A.1943, which had provided that before a garnishment could issue after judgment an execution must first have been issued and returned uncollected and unsatisfied by the proper officer. The Rule changed this requirement and now it is no longer necessary that a writ of execution be issued and returned unsatisfied before a writ of garnishment may issue after judgment in those cases where the issuance of such writs would have been proper under the provisions of Sec. 104-19-23, U.C.A.1943. The Rule, however, did not enlarge the powers of a court to which the legislature specifically denied the right to issue attachments or garnishments. It is to be noted that the Rules of Civil Procedure were adopted in January, 1950, and had this been the intent, it would have been an easy matter to delete this prohibition against the small claims court to issue such writs when the Small Claims Court Act was repealed and re-enacted in the Judicial Code, Laws of Utah 1951, Ch. 58.

Neither party cited authority on whether the money collected should be returned and appellant disavowed any particular interest in that question. Our research on that question reveals no basis for the judgment for the return of that money, since respondent does not question the validity of the original judgment and at the original trial he admitted the validity of appellant's claim. The fact that the judgment was obtained by a corporation acting through an agent who was not licensed to practice law and that a garnishment was issued to make the collection instead of an execution does not require the appellant to return the money collected, which respondent concededly owed.[4]

The judgment as to the first two points discussed above is affirmed, but it is reversed as to the last one. Costs to respondent.

CROCKETT, C. J., and HENRIOD, McDONOUGH, and CALLISTER, JJ., concur.

4. 21 Am.Jur. 253, Sec. 511.