**HARCOURT, BRACE, JOVANOVICH LEGAL AND PROFESSIONAL PUBLICATIONS, INC., dba BAR/BRI Bar Review of Utah, Plaintiff and Respondent,**

v.

**Victor M. GORDON, Defendant and Appellant.**

**No. 17021.**

Supreme Court of Utah.

July 16, 1981.

Victor M. Gordon, for defendant and appellant.

Bart J. Bailey, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Plaintiff brought this action to collect the sum of $140 pursuant to a promissory note. The promissory note was entered into in exchange for plaintiff providing to defend-

ant an educational course commonly known as bar review. Upon failure of defendant to tender the final payment this action was commenced.

The procedural facts herein are not clear and are not made more so by respondent's failure to file a brief. As near as can be adduced from the record however, they appear as follows:

1. Original complaint filed October 16, 1979, and personally served one day later;

2. Amended complaint filed on October 22, 1979;

3. Defendant's Answer, which upon review is found to contain a counterclaim for $175 for breach of contract, was filed on November 5, 1979; and is apparently in response to the original complaint;

4. For some inexplicable reason plaintiff then filed a Motion to Amend Complaint on November 26, 1979, which was granted on December 10, 1979, however the order was not entered until February 15, 1980;

5. During the interim plaintiff filed and repeatedly attempted to have heard its Motion for Summary Judgment. On one occasion the minute entry reflects the hearing was continued and that a copy of the amended complaint should be served on defendant;

6. On the continued date, the matter was again continued—the minute entry reflecting that plaintiff must mail notice to defendant.

7. On that same date counsel for plaintiff filed affidavits with attachments showing the efforts made to provide defendant with notice of the various hearings, the result being that each of the notices, which were sent by certified mail, were returned as unclaimed. (It should be noted that these notices were mailed to the address shown on defendant's answer);

8. Counsel thereafter sent notice of the Motion for Summary Judgment to defendant, postage prepaid, at the same address; and

9. Upon hearing, the court specifically found that defendant had received notice and, having failed to appear, judgment was entered for a total of $613.42, which included principal, interest, attorney's fees and other costs.

■ Defendant thereupon appealed the judgment to this Court alleging that there were issues of fact and as such summary judgment could not be entered. On review, however, we are unable to locate anything in the record that raises those issues of fact to the level required to defeat plaintiff's motion. While it is true that defendant's answer preserves those issues jurisdictionally, the mere allegation of breach is insufficient proof upon which to base either the grant or denial of summary judgment.

■ Appellant next takes issue with the award of attorney's fees in the amount of $402. Suffice it to say that counsel's affidavit of attorney's fees and costs created sufficient credible evidence upon which the court could base that aspect of the judgment and accordingly we should not upset it.

■ Finally, the appellant claims that the district court lacked jurisdiction in that the small claims court has jurisdiction under $400. Appellant is directed to Article VIII Sec. 7, Constitution of Utah, which provides the district court with jurisdiction in all matters civil and criminal, except as otherwise provided in the Constitution or by law. The Constitution does not provide any such exclusion and Sec. 78–6–1, U.C.A.1953, explicitly provides that the small claims court shall "have jurisdiction, but not exclusive" over matters less than $400.

Based upon the foregoing, the judgment is affirmed.