**Diane E. KAPETANOV, on behalf of herself and others similarly situated, Plaintiffs and Appellants,**

**v.**

**SMALL CLAIMS COURT OF OGDEN, Utah, Defendant and Respondent,**

**and**

**State of Utah, Office of Recovery Services, Intervening Defendant and Respondent.**

**No. 18182.**

Supreme Court of Utah.

Feb. 17, 1983.

---

2. We have decided the quiet title action on the merits rather than on the ground of res judicata because the first action between Castagnos and Church did not specifically deal with title to the water in question, although some of the issues are similar.

W. Paul Wharton, Salt Lake City, Michael E. Bulson, Ogden, for plaintiffs and appellants.

Christopher G. Davis, Karma Grimm, Ogden, David L. Wilkinson, Salt Lake City, for defendant and respondent.

HALL, Chief Justice:

This appeal challenges the jurisdiction of the small claims court to entertain food stamp fraud cases.

Plaintiff Diane E. Kapetanov applied for and received food stamp assistance for the months of October and November, 1979. She failed to report income her son had received through his employment. She claims that she did not report the income, being unaware of it. The income rendered the family ineligible for food stamp assistance and the Office of Recovery Services (ORS) sought repayment of the benefits as being fraudulently obtained. When repayment was not forthcoming, a complaint was filed in small claims court, seeking recovery of the sum of $270. Plaintiff failed to defend and a default judgment was entered. The judgment was subsequently vacated and set aside and plaintiff then sought an extraordinary writ in the district court contending that the finding of fraud necessary to support the money judgment constituted a declaratory judgment and that the small claims court is without jurisdiction to render such a judgment.

The district court denied the writ, concluding that a finding of fraud in the context of a small claims action does not constitute a declaratory judgment, and that the small claims court is a court of competent jurisdiction in cases of food stamp fraud. We affirm.

On appeal, plaintiff renews her contention of lack of jurisdiction, and in support thereof quotes from various administrative regulations to the effect that a food stamp recipient may be found to have committed fraud either administratively or judicially, but that only after a determination of fraud is made may proceedings for collection be instituted. Plaintiff therefore concludes that the finding of fraud constitutes a declaratory judgment in excess of the jurisdiction of the small claims court, its jurisdiction being limited to actions "for the recovery of money only"[1]—not to decide fraud.

While it is true that the jurisdiction of the small claims court is limited to claims for money only, it is not divested of jurisdiction where fraud or misrepresentation is alleged as the basis for the recovery. To hold otherwise would be to divest the small claims court of jurisdiction in all cases where fraud is alleged as a basis for recovery under a contract claim or, for that matter, where the amount of any claim is in dispute.

Declaratory judgments are those which declare the rights, status or other legal relations of the parties.[2] They provide the means of resolving uncertainties and controversies *before* obligations are repudiated, rights are invaded or wrongs are committed.[3] They are to be distinguished from other actions or proceedings in that the declaration stands by itself and does not involve executory or coercive relief.[4] Also, no actual wrong or loss need exist in order to sustain an action for declaratory judgment.[5] Notwithstanding the fact that in the usual lawsuit it is necessary to make a factual showing of a basis for coercive relief, and that it is necessary for the court to make a finding or declaration thereof in support of its award, it does not follow that by virtue thereof the proceeding is converted into one for declaratory judgment.

In the instant case, a loss has already been sustained by reason of the overissuance of food stamps. The action was filed in the small claims court, not to seek declaratory relief, but to recover a money judgment, and to execute thereon should it be necessary.

1. U.C.A., 1953, § 78–6–1.

2. U.C.A., 1953, § 78–33–1.

3. *Salt Lake County v. Salt Lake City,* Utah, 570 P.2d 119 (1977).

4. 22 Am.Jur.2d Declaratory Judgments § 1 at 836.

5. *Id.*

**1052**

■ Plaintiff's remaining contention on appeal is that the notice afforded in the small claims court action does not meet the requirements of due process. She deems as supportive of her contention the fact that federal regulations provide for written notice thirty days in advance of an administrative fraud hearing, while, by statute, notice of a hearing in small claims court shall be served at least five days before the time fixed for the appearance of the defendant.[6]

Plaintiff was accorded due process under commonly accepted notions of service of process and opportunity to be heard. The fact that had ORS proceeded with its administrative remedy plaintiff would have been afforded more than five days' notice is of no consequence. As was stated in *Morrissey v. Brewer:*[7]

> [D]ue process is flexible and calls for such procedural protections as the particular situation demands. . . . To say that the concept of due process is flexible does not mean that judges are at large to apply it to any and all relationships. Its flexibility is in its scope once it has been determined that some process is due; it is a recognition that not all situations calling for procedural safeguards call for the same kind of procedure.

In the instant case, plaintiff was personally served with process which identified the nature of the relief sought. Demand had previously been made for payment and refused. She was also afforded the opportunity to seek counsel and to present witnesses and evidence in the case.[8] Furthermore, small claims court judgments are appealable.[9] We therefore conclude that the requirements of due process were met.

Affirmed. No costs awarded.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

6. U.C.A., 1953, § 78–6–4.

7. 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). *See also Cafeteria & Restaurant Workers Union v. McElroy,* 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961).

8. U.C.A., 1953, § 78–6–7.

9. U.C.A., 1953, § 78–6–11.