**Tina FAUX and Patrick Nacey, Plaintiffs and Appellants,**

v.

**Susan MICKELSEN, Defendant and Respondent.**

No. 20347.

Supreme Court of Utah.

Sept. 23, 1986.

---

**3.** *See supra* p. 1370.

Wendell P. Ables, Salt Lake City, for plaintiffs and appellants.

LeRoy S. Axland, Craig W. Anderson, Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiffs Faux and Nacey appeal from an order of the district court dismissing their appeal and affirming the judgment of the circuit court. This cause arose from a landlord-tenant dispute. Defendant Mickelsen brought suit in the small claims court, fifth circuit, to recover past due rent, utilities, and costs for cleaning and repair. Faux and Nacey appeared with counsel, but brought no counterclaim against Mickelsen and executed no counter-affidavits. Judgment was entered in favor of Mickelsen. Faux and Nacey did not appeal within the five days provided by statute.

Several weeks later, Faux and Nacey filed the instant suit in the Fifth Circuit Court charging Mickelsen with wrongful ejection, willful exclusion, distraint, and conversion. Mickelsen brought a motion to dismiss, and the circuit court granted her summary judgment. Faux and Nacey appealed to the district court, which dismissed their appeal and affirmed the judgment of the circuit court. The district court's order was based on two findings: (1) Faux and Nacey had failed to properly remove the action originally filed in the small claims court to the circuit court, as required by Rule 13(k) of the Rules of Civil Procedure. (2) Their claim arose out of the same transaction or occurrence that was the subject matter of Mickelsen's claim in the small claims court and was therefore barred by Rule 13(a) and the doctrine of res judicata.

Faux and Nacey appeal on the grounds that section 78-6-2.5 of the Judicial Code conflicts with Rule 13(a) and (k) of the Rules of Civil Procedure and that the district court's affirmance of the circuit court judgment operated to deny them due process of law and access to the courts and

constituted lack of uniform operation of laws under the Utah Constitution. We recognize jurisdiction over this constitutional issue under U.C.A., 1953, § 78–3–5 (Supp. 1985).

The Small Claims Courts Act (the Act) was established by the legislature to make it possible to dispose of certain actions in an informal manner from their inception to their end with the sole object of dispensing speedy justice between the parties. U.C.A., 1953, § 78–6–8; *Tuttle v. Hi-Land Dairyman's Association*, 10 Utah 2d 195, 350 P.2d 616 (1960); *accord Liedtke v. Schettler*, 649 P.2d 80 (Utah 1982).

■ The small claims court is totally a creature of statute. *Larson Ford Sales, Inc. v. Silver*, 551 P.2d 233 (Utah), *appeal dismissed*, 429 U.S. 909, 97 S.Ct. 299, 50 L.Ed.2d 277 (1976). Its jurisdiction is not exclusive and is limited to the recovery of money up to $1,000. § 78–6–1(1)(a). Inasmuch as it is a department created in the circuit courts and justice's courts, the rules of practice and civil procedure apply to it, with certain exceptions. Section 78–4–29 provides in pertinent part: "The rules of civil procedure shall apply to actions commenced in circuit court except insofar as these rules are by their nature clearly inapplicable to circuit courts or proceedings therein." *See also* Utah R.Civ.P. 81(c) for similar language, and *Hume v. Small Claims Court of Murray City*, 590 P.2d 309 (Utah 1979). Examples of exceptions are the dispensation with formal pleadings to initiate an action, § 78–6–8, the acceleration of the trial setting, § 78–6–3, and the discretion of the small claims courts to remove all but the initial claim from the court's calendar where multiple claims are filed, § 78–6–1(3).

The question here raised is whether section 78–6–2.5 embodies such an exception. Faux and Nacey claim that counterclaims compulsive by definition under Rule 13(a) are treated as permissive in nature under the Act. Mickelsen asserts that Rules 13(a) and (k) mandate the joinder of the counterclaim and removal of the case to the circuit court. She does not discuss the

disparate language of the section. We resolve this seeming conflict on statutory grounds and therefore do not reach the constitutional objections raised.

U.C.A., 1953, § 78–6–2.5 (1977 ed., Cum. Supp.1986) provides in pertinent part:

Counterclaims *authorized*—Form of counter-affidavit.

Counter actions may also be maintained in small claims court *if the actions arise out of the transaction or occurrence that is the subject matter of the opposing party's claim* and when the party maintaining the counter action executes an affidavit setting forth the nature and the basis of the counterclaim.

(Emphasis added.) Under the Rules of Civil Procedure, Rule 13(a) compels a counterclaim ("a pleading *shall* state as a counterclaim ...") "if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim," and Rule 13(b) merely permits ("a pleading *may* state as a counterclaim ...") such a claim if it does not arise out of the same transaction or occurrence. Compared to the language of the statute just cited, the divergence of the statute from the rules is apparent. A counterclaim under the former is authorized but not compelled. It may, but need not, be brought by the opposing party. Moreover, it is only authorized to the extent that the claim arises out of the same transaction, and no like authority is granted for counterclaims on unrelated claims.

We have long adhered to the well-established principle of statutory construction that "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another." *Brickyard Homeowners Association Management Committee v. Gibbons Realty Co.*, 668 P.2d 535, 538 (Utah 1983).

Within those guidelines, it becomes out duty to direct the focus of our inquiry not on the seeming disparity between the statute in question and the Rules of Civil Procedure, as Mickelsen would urge us, but on

the internal consistency and overall harmony between this section and others found in the Act.

From the assumption that the law maker has a definite purpose in every enactment proceeds the cardinal rule that the general purpose, intent or purport of the whole act shall control, and that all the parts be interpreted as subsidiary and harmonious to its manifest object, and if the language is susceptible of two constructions, one which will carry out and the other defeat such manifest object, it should receive the former construction.

2A Sutherland's Statutory Construction § 46.05 (4th ed.).

The general purpose, as just stated, of the Act is to dispose of minor money disputes by dispensing speedy justice between the parties. To carry out that manifest object, section 78–6–2.5 must be interpreted to merely permit the simultaneous resolution of related counterclaims. "In certain instances, the word 'may' has the effect of 'must,' but, ordinarily, the use of the permissive term carries no mandate." 2A Sutherland § 57.03. Faux and Nacey's counterclaim consisted of several causes of action and alleged damages in excess of the small claims court's jurisdiction. Under Mickelsen's interpretation of the statute, they were compelled to bring their counterclaim and to remove the entire case to the circuit court for trial and adjudication. We believe that such a procedure would have the effect of defeating the purpose of the Act to dispense speedy justice to Mickelsen on a simple money judgment. Both the intent and the meaning of the statute permit no such construction.

Furthermore, the language of Rule 13(k) does not lend itself to the interpretation suggested by Mickelsen and the district court. A counterclaimant must remove a case that exceeds the jurisdictional amount of the circuit court and have the action certified to the district court. There is no like provision calling for a similar removal from the small claims department within the circuit court to the circuit court. Instead, as we read the Act, the small claims court's procedural parameters are expressly altered to fit the accelerated process, and the Rules of Civil Procedure have been circumvented where expedient. For example, under section 78–6–1(3) multiple claims may be removed in the discretion of the clerk or the judge, leaving only the initial claim. Under Rule 18 of the Rules of Civil Procedure, joinder of claims is permitted.

 We conclude that the meaning of section 78–6–2.5 is clear and not in conflict with the Rules of Civil Procedure. Within the limited jurisdiction of the small claims court, a defendant is not compelled to bring a counterclaim though it may arise from the same transaction or occurrence as the subject matter sued on. It follows that Faux and Nacey here had no duty to remove the small claims court matter to the circuit court in order to pursue a counterclaim to Mickelsen's complaint and that their action was not barred by the doctrine of res judicata.

The case is remanded to the circuit court for a trial on the merits.