Dana A. **MEIER, Plaintiff and Respondent,**

v.

**HOBBS & SONS, Defendant and Appellant.**

**No. 870028–CA.**

Court of Appeals of Utah.

July 15, 1987.

---

Dean H. Becker, West Vally City, for Hobbs and Sons.

Dana A. Meier, pro se.

Before BILLINGS, DAVIDSON and GARFF, JJ.

## MEMORANDUM DECISION

PER CURIAM:

This is an appeal from a judgment of the Small Claims Department of the Fifth Judicial Circuit Court seeking recovery for replacement of a damaged sewer lateral. Although plaintiff allegedly incurred damages in the amount of $2,092.30, he elected to proceed in Small Claims Court where his recovery would be limited to $1,000.00. Plaintiff originally filed affidavits with the court alleging liability of Hobbs & Sons, Kehl Building (later changed to Arnold Development Co.), Taylorsville-Bennion Improvement District, and Frank Armstrong. At the time of the hearing, plaintiff had effected service on all defendants except Arnold Development Company.

The case was heard on December 23, 1986 before Judge Pro Tem David Berceau. The hearing involved testimony of a number of witnesses, including plaintiff Dana Meier and his wife, defendant Frank Armstrong, two representatives of defendant Taylorsville-Bennion Improvement District, two representatives of defendant Hobbs & Sons, and a witness called by plaintiff. At the time of the hearing, the judge dismissed plaintiff's claims against Taylors-ville-Bennion Improvement District and Frank Armstrong. The case proceeded against Hobbs & Sons, a sub-contractor that was involved in installation of the main sewer line and the sewer lateral.

The case against Hobbs & Sons involved several issues of fact. Plaintiff alleged that on the first occasion when the washing machine was used, sewage backed-up into his basement. Plaintiff and his witness, the contractor who excavated the lateral under the street, claimed that a portion of the lateral was crushed and exhibited marks that appeared to have been made by a backhoe. The section of pipe was produced for examination by the judge at the hearing. Plaintiff contends, based on this evidence, that the sewer lateral was crushed during installation by Hobbs & Sons and that it was this damage that caused the back-up. Plaintiff seeks to recoup costs attributable to repair of the sewer lateral. Defendant Hobbs & Sons raised a number of factual issues and defenses represented by the following allegations:

1. That Hobbs & Sons was not the contractor who installed the sewer, but merely completed the job for another contractor.

2. That Hobbs & Sons did not exist as a legal entity at the time of construction of the sewer.

3. That the "break" in the lateral under the street actually resulted from the negligence of the contractor hired to repair the sewer and the real cause of the back-up was an obstruction under the sidewalk.

4. That the obstruction was located on plaintiff's property and not under the street; therefore, Hobbs & Sons could not be responsible for the damage.

5. That a number of other parties dug in the area of the sewer lateral between the original construction and the extension of the sewer to plaintiff's home.

At the conclusion of testimony on December 23, 1986, the judge indicated that he would take the case under advisement. On January 14, 1987, the judge signed a printed Small Claims Judgment form indi-

cating judgment in favor of plaintiff in the statutory amount. Written on the form is the statement, *"Judgment against Hobbs & Sons only—*As to the other defendants served and present at trial, the claims are dismissed with prejudice." No findings of fact were made orally at the time of the hearing, nor were written findings submitted in support of the judgment against Hobbs & Sons.

Rule 52(a) of the Utah Rules of Civil Procedure (as in effect at the time of the hearing) required, in relevant part:

> In all actions tried upon the facts without a jury ... the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58A....

In April of 1987 and subsequent to the transfer to the Utah Court of Appeals of appellate jurisdiction over cases from the small claims department of the circuit courts, this court adopted Court of Appeals Administrative Order 1, 55 Utah Adv.Rep. 41 (1987), titled "In the Matter of Procedures in Small Claims Appeals." That order modified the requirements of Rule 52(a)[1] of the Rules of Civil Procedure as applied to appeals from judgments of the small claims department, as follows:

> If the judgment entered in the proceeding under review was entered at the time of the hearing, findings of fact and conclusions of law, which may be in summary form, will be deemed sufficient if recited on the taped record. If the proceeding under review was taken under advisement and judgment entered subsequent to the time of hearing, such findings and conclusions shall be written.

Even under the liberalized standards of Court of Appeals Administrative Order 1, the record in the present case is not sufficient to permit appellate review by this court. The case is, accordingly, remanded for the entry of findings of fact and conclusions of law. The findings and conclusions will be deemed adequate if consistent with the standards of Court of Appeals Administrative Order 1.

All concur.

---

1. Rule 52(a), Utah Rules of Civil Procedure, was amended, effective January 1, 1987, to provide that it is "sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of evidence or appear in an opinion or memorandum of decision filed by the court."