Constable Suzanne HOOD, Plaintiff and Respondent,

v.

Charles V. LAYTON, Defendant and Appellant.

No. 870058–CA.

Court of Appeals of Utah.

March 18, 1988.

Scott W. Reed, Salt Lake City, for defendant and appellant.

Constable Suzanne Hood, pro se.

Before GARFF, JACKSON and ORME, JJ. (On Law and Motion).

## MEMORANDUM DECISION

PER CURIAM:

This appeal is from a judgment of the Small Claims Division of the Fifth Circuit Court for Salt Lake County. We remand for entry of findings and conclusions in support of the judgment.

The case involves a claim by plaintiff Hood that defendant Layton caused damage to her vehicle. The events leading up to the damage include a dispute over ownership of a boat between Layton and his ex-wife, Jean Pahl, who is Hood's sister. It is undisputed that on or about August 27, 1986, Layton, his brother, Cory, and a friend of Cory, travelled to Jean Pahl's residence to recover the boat. Layton's father was also present, and he testified at the trial that he came in an attempt to dissuade Layton from removing the boat. It is also undisputed that Layton and his brother moved two vehicles on the property, apparently owned by a third-party, in order to allow the boat's removal. Layton then hitched the boat trailer to his truck, and he proceeded toward the street, following closely a Blazer driven by Cory.

The exact sequence of events that followed is the subject of the present dispute. At the time of trial, Layton, his brother and his father all testified as to their version of the events, while Pahl and Hood appeared and testified as to their version. The testimony of the two sides was in complete conflict. Hood's version of the facts states that Pahl drove Hood's vehicle into a position that would prevent Layton from removing the boat. Pahl backed up to allow Layton's brother to exit and again pulled forward to block Layton's exit. Hood claims that Layton rammed her vehicle, which had its brakes applied, shoving the Hood vehicle into the street. She claims the vehicle sustained over $2,000 worth of damage. Layton, by contrast, claims that after Pahl allowed his brother to exit, she pulled forward and rammed the pick-up, first in the right fender, then again in the door, again behind the door and finally in the area of the trailer. He asserts that Pahl backed up two or three times and then pulled forward into the truck.

At the conclusion of the testimony, the Judge Pro Tem rendered judgment in favor of plaintiff in the full statutory amount, "based on the evidence." Although the evidence was clearly in conflict, the court entered no findings of fact and/or conclusions of law in support of its judgment.

On appeal, defendant alleges that the evidence was insufficient to support the judgment, that the damages were not properly determined and that the absence of specific findings requires reversal. Defendants also claim that the trial court erred in refusing to dismiss the case for failure to join Pahl as an indispensable party, and apparently also contends that the court erred in not suspending proceedings after defendant filed a notice pursuant to Utah R. Civ.P. 13(k) of his intention to file a claim in excess of the Court's jurisdiction.

We first address the latter claim. Defendant correctly notes that the small claims statutes make no provision for third-party actions. They do make provisions, however, for counterclaims. Utah Code Ann. § 78-6-3(2) (1987) provides that a counter-affidavit may be filed not later than two days before trial on the original affidavit. The trial date can then be adjusted by the clerk as needed. Utah Code Ann. § 78-6-4(1) (1987) requires the origi-

nal affidavit and order to be served at least five days before the time set for trial. Thus, the statute prevents a plaintiff from foreclosing a defendant's ability to counterclaim. In his brief, Layton claims that the original affidavit was served on him after the time for filing a counterclaim had expired. The statement is patently incorrect. The original affidavit and order were properly served on Layton on the seventh day prior to the hearing and a counter-affidavit could have been filed at any time prior to two days in advance of the hearing. Rather than file a counter-affidavit, Layton, on the day prior to the hearing, filed a Notice of Intention to File Counterclaim and Third Party Complaint In Excess of Jurisdiction Amount. The notice stated, in part, that a claim would be filed against plaintiff Hood that exceeded the jurisdictional amount. Even if considered to be a counter-affidavit, the document was untimely. Layton's reliance on Rule 13(k) is similarly misplaced because that statute by its terms and as interpreted does not apply to the small claims court. The interpretation urged by Layton was specifically rejected by the Utah Supreme Court in *Faux v. Mickelsen,* 725 P.2d 1372 (Utah 1986). There the Supreme Court determined that Rule 13 does not operate to require filing of counterclaims by small claims defendants and removal of the entire case to the circuit court for adjudication. Accordingly, Layton may bring his claims against Hood in a separate action. The decision in *Faux* compels an analogous conclusion with regard to third party complaints.

■ Layton's claim that the action should have been dismissed as failing to name an "indispensable party," is similarly without merit. All parties necessary to the adjudication of Hood's claim against Layton were present. Pahl may have been a witness helpful in resolving the factual disputes, but her presence as a party was not required.

■ We next turn to Layton's claims concerning insufficiency of the evidence, error in computation of damages and inadequacy of findings. We are unable to determine those claims due to the absence of written or oral findings in the record. This Court previously discussed the requirements for findings of fact and conclusions of law in small claims cases in *Meier v. Hobbs & Sons,* 739 P.2d 641 (Utah App. 1987). This Court adopted Administrative Order No. 1, 55 Utah Adv.Rep. 41 (1987), for the purpose of supplementing the requirements of Rule 52(a) of the Rules of Civil Procedure as applied to appeals from judgments of the small claims courts. The record in this case is not sufficient to permit appellate review. The case is, accordingly, remanded for the entry of findings of fact and conclusions of law. The findings and conclusions will be deemed adequate if consistent with the standards of our Administrative Order 1.[1]

---

**1.** This case and *Meier v. Hobbs & Sons* demonstrate the unworkability of present legislation vesting this court with jurisdiction over appeals from small claims judgments. *See* Utah Code Ann. § 78–2a–3(2)(c) (1987). The uneven quality of records of small claims proceedings, the informality of such proceedings, the laxity in applying rules of evidence, the widespread use of volunteer judges pro tem, and the lack of lawyer involvement in most small claims cases all combine to make traditional appellate review of such cases most unsatisfactory. Our year-long experiment in wrestling with this part of our caseload has proven a source of frustration for the court and, more importantly, for small claims litigants in cases from which an appeal has been taken. Fortunately, the Legislature has been acquainted with this difficulty and, with commendable speed, has enacted legislation to provide for more meaningful, expeditious, and economical review of small claims decisions. Under Senate Bill 97, effective 4/26/88, review of small claims judgments will be by trial de novo in the circuit courts. We are confident this approach will prove preferable.