2000 UT 6

Kinuye KAWAMOTO, Petitioner,

v.

The Honorable Joseph C. FRATTO, Jr., Respondent.

No. 990485.

Supreme Court of Utah.

Jan. 11, 2000.

Barbara L. Maw, Tawni Hanseen, Salt Lake City, for petitioner.

Brent M. Johnson, Salt Lake City, for respondent.

David N. Mortensen, R. Phil Ivie, Provo, Amicus Curiae for Utah Defense Lawyers Association Tad D. Draper, Midvale; James R. Boud, Sandy, for real party in interest.

DURHAM, Associate Chief Justice:

¶ 1 This case is before the court on a petition for an extraordinary writ filed pursuant to rule 65B of the Utah Rules of Civil Procedure.[1] We grant the writ, vacate the trial court's judgment, and direct the trial judge to conduct a new trial.

## FACTS

¶ 2 On March 19, 1997, petitioner and Todd Kelly ("Mr.Kelly") were involved in a car accident. Subsequently, Mr. Kelly filed a claim with his insurance carrier and received $2,086 in personal injury protection and wage loss benefits. On March 31, 1998, Mr. Kelly filed a personal injury action in small claims court against petitioner, claiming $5,000 in damages arising from medical expenses and damages sustained as a result of the car accident. The judge pro tempore found for Mr. Kelly and awarded $3,688.40. The judge then set off the $2,086 Mr. Kelly had received from his insurance carrier, resulting in a final award to Mr. Kelly of $688.40.

¶ 3 Following the bench trial, Mr. Kelly filed for a trial de novo in Third District Court, as provided for by section 78–6–10 of the Utah Code. Over petitioner's objection, the trial judge required the attorneys to proceed by proffer, stating "the spirit of the small claims is that, quite frankly, no frills and get it done, but do it properly and justly."

¶ 4 During trial, petitioner contested Mr. Kelly's version of how the accident occurred and how severe the collision's impact was, the reasonableness and necessity of the MRI exam Mr. Kelly underwent, and the degree of Mr. Kelly's impairment as determined in the medical record prepared by his doctor. Although petitioner apparently had witnesses present to testify on each of these issues, her counsel presented the evidence by proffer in accordance with the judge's wishes, after noting an objection to the process. At no time did any witness for the petitioner testify. In comparison, the trial judge specifically allowed Mr. Kelly to testify, subject to cross-examination, as to how the accident happened, the nature and treatment of his injuries, and what limitations he suffered due to these injuries. Although petitioner's counsel was allowed to cross-examine Mr. Kelly, the effectiveness of the cross-examination was limited because the trial judge ultimately had no live medical testimony with which to compare Mr. Kelly's subjective testimony.

¶ 5 At the close of the evidence, the trial judge announced several conclusions, specifically that: (1) petitioner was at fault; (2) Mr. Kelly suffered the injuries he described in his testimony and was impaired to some degree, regardless of the exact degree of his impairment; and (3) Mr. Kelly did incur medical bills, all of which, including the MRI, were for reasonable and necessary procedures and services. Based on these conclusions, the trial judge awarded Mr. Kelly $5,000 plus costs and interest. In response

---

1. Pursuant to section 78–6–10 of the Utah Code, trial court decisions on appeals from the small claims courts cannot be appealed further "unless the court rules on the constitutionality of a statute or ordinance." Utah Code Ann. § 78–6–10(2) (Supp.1999). Because the trial court did not rule on the constitutionality of a statute or ordinance, petitioner cannot appeal, and thus, rule 65B is the sole means by which petitioner can obtain the "plain, speedy and adequate remedy" to which she is entitled. *See Society of Prof'l Journalists, Utah Chapter v. Bullock,* 743 P.2d 1166, 1168 n. 1 (Utah 1987) (noting that party's pursuit of an extraordinary writ was procedurally correct because it could not appeal the district court's order).

to that award, petitioner filed the present petition for an extraordinary writ.

## QUESTIONS PRESENTED

¶ 6   The petition raises six questions, as follows:

1. May parties be required to proffer evidence in lieu of witness testimony in small claims court?

2. Did the trial judge fail to follow the "simplified rules of procedure and evidence" by which small claims matters are to be managed according to section 78–6–1(7) of the Utah Code?

3. Are automobile accident personal injury cases outside the subject matter jurisdiction of the small claims court because general, not liquidated, damages are awarded in such cases?

4. Are automobile accident personal injury cases outside the subject matter jurisdiction of the small claims court because they often require expert testimony and usually involve complex questions of liability and damages?

5. Did the trial court exceed the jurisdictional limits of the small claims court by awarding $5,000 at the trial de novo (without an offset for the previously paid personal injury protection and wage loss benefits)?

6. Are small claims litigants entitled to a jury?

¶ 7   We do not treat the sixth issue because neither party requested a jury trial at any point in these proceedings. We note, however, that the issue of the right to a jury trial in small claims court may have constitutional dimensions that we would have to address in a case in which the issue was properly preserved. With respect to the remaining issues, we undertake review of the trial court's judgment pursuant to rule 65B of the Utah Rules of Civil Procedure. Specifically, we review the first and second issues to determine whether the "inferior court . . . has . . . abused its discretion." Utah R. Civ. P. 65B(d)(2)(A). Additionally, we review the third, fourth, and fifth issues as questions of law to determine whether

the "inferior court . . . has exceeded its jurisdiction." *Id.* R. 65B(d)(2)(A).

## ANALYSIS

### I.   PROFFERS OF EVIDENCE

¶ 8   Both petitioner and the Utah Defense Lawyers Association (UDLA), who appears as amicus curiae, argue that petitioner was denied due process because the trial judge required evidence through proffer over objection, and that in general, the use of proffers in small claims courts should be discouraged. Although we understand that small claims courts are intended to administer speedy justice, and proffers of evidence are one means to accomplish this goal, we agree that the mandatory use of proffers over the objections of a party should not be allowed in small claims courts. In the present case, we note that not all of the evidence was received by proffer—Mr. Kelly did testify on some issues and petitioner's counsel was allowed to cross-examine him. Even so, we conclude that the trial judge abused his discretion by requiring the petitioner to submit all of her evidence by proffer, especially that of her medical expert.

¶ 9   Specifically, as delineated above, the trial judge made several conclusions which resolved disputed issues of fact in Mr. Kelly's favor. The sole evidentiary basis for many of these conclusions was Mr. Kelly's subjective testimony regarding the nature and extent of the pain and injuries he suffered from the accident. This subjective testimony was not counter-balanced by any objective medical testimony, which petitioner was prepared to present. Instead, petitioner was required to proffer her evidence through counsel, even though it included expert testimony on medical issues. In basing his conclusions upon Mr. Kelly's subjective testimony, the trial judge weighed Mr. Kelly's credibility and accepted his testimony as true. Based upon the foregoing, we hold that where the credibility of a witness is critical to the outcome of the case, or where the disputed evidence touches on expert assessments and opinions, the court may not limit a party's evidence to proffers from counsel. Therefore, we conclude that the

trial judge abused his discretion in requiring petitioner to proffer her rebuttal evidence. We vacate the trial court's judgment and direct the trial judge to conduct a new trial employing proper evidentiary procedures.

¶ 10   Although resolution of this evidentiary issue is dispositive of the present case, the remaining issues are likely to be raised again at the new trial and we therefore discuss them. *See* Utah R.App. P. 30(a).

## II.   SIMPLIFIED RULES OF PROCEDURE AND EVIDENCE

¶ 11   Petitioner argues that the trial judge failed to follow the "simplified rules of procedure and evidence" referred to in section 78–6–1(7) of the Utah Code, which, according to petitioner, are embodied in the instructions to the parties printed on the back of the small claims affidavit ("affidavit").[2]   In particular, petitioner urges this court to find that the trial judge, by accepting evidence through proffer rather than witness testimony, violated the instruction contained on the affidavit that "[e]vidence must be offered through the statements of live witnesses at trial."

■ ¶ 12   Under section 78–6–1(7) of the Utah Code, "[s]mall claims matters shall be managed in accordance with simplified rules of procedure and evidence promulgated by the Supreme Court."   Utah Code Ann. § 78–6–1(7) (Supp.1999).   The language on the back of the affidavit, although it contains directions concerning evidentiary procedure which are binding on the *parties* does not have the status of rules promulgated by this court as contemplated in section 78–6–1(7).[3] This language merely constitutes a set of instructions and helpful suggestions to the parties, most of whom are unfamiliar with the legal process, rather than formal procedural and evidentiary rules binding on courts.

¶ 13   That being said, there does remain a fairness problem in this case.   The instructions on the back of the affidavit purport to embody the simplified rules and procedures of the small claims courts and unequivocally indicate that parties *must* present their evidence through "statements of live witnesses at trial."   The instructions do not alert the parties to the possibility that evidence may be presented by any other method.   Relying on these instructions, petitioner appeared at the small claims hearing with witnesses prepared to testify.   Therefore, we conclude that even though the instructions on the back of the affidavit are not in fact the actual simplified rules of evidence and procedure contemplated by the statute, the trial judge abused his discretion in denying petitioner the opportunity to present her evidence through live witness testimony.

## III.   SUBJECT MATTER JURISDICTION

### A.   *Liquidated Damages*

■ ¶ 14   In its amicus brief, UDLA argues that the small claims courts' jurisdiction is limited to those cases where the plaintiff is seeking liquidated, not general, damages.   It bases this argument on statutory language providing that "[a] small claims action is a civil action ... where ... the action of indebtedness was incurred within the jurisdiction of the court in which the action is to be maintained."   Utah Code Ann. § 78–6–1(1)(a).   According to the UDLA, an "action for indebtedness" is an action for liquidated damages, and cannot include claims for general damages.

¶ 15   We do not agree with the UDLA's interpretation of section 78–6–1(1)(a).   This section embodies a three-part test to determine whether a matter is appropriately be-

2.   *The small claims affidavit is a form that plaintiffs complete to initiate their case.   In essence, it is equivalent to the summons and complaint filed by plaintiffs when they pursue their causes of action at the trial court level.*

3.   Although this court did approve the form on the front side of the small claims affidavit, we have not authorized any simplified rules of procedure and evidence.   This case has brought the oversight to our attention and the matter will be promptly referred to our Advisory Committee on the Rules of Civil Procedure for study and recommendations.

fore a small claims court. First, the action must be one for the "recovery of money." *Id.* Second, the amount claimed must "not exceed $5,000 including attorney fees but exclusive of court costs and interest." *Id.* Finally, the defendant must reside or the action of indebtedness must have been "incurred within the jurisdiction of the court in which the action is to be maintained." *Id.* We conclude that the phrase "action for indebtedness" does not speak to the type of damages necessary for cases to be heard by the small claims courts.[4] Rather, the phrase provides small claims courts with an alternative location to the defendant's residence upon which to base their jurisdiction. Thus, Mr. Kelly's action did not exceed the jurisdiction of the small claims court merely because he sought general damages.

### B. Expert Testimony/Complex Issues of Liability and Damages

¶ 16  Both petitioner and the UDLA argue that automobile accident personal injury cases are outside the subject matter jurisdiction of the small claims courts. Specifically, petitioner argues that cases involving represented parties, expert testimony, substantial documentary evidence, and liability and damages issues are too complex for small claims courts in light of the statutory objective that small claims courts dispense "speedy justice between the parties." Utah Code Ann. § 78–6–8 (Supp.1999). Focusing more narrowly upon expert testimony, the UDLA argues that small claims courts are without jurisdiction to adjudicate claims in-

volving expert testimony because the small claims forum does not allow judges to effectively perform their gatekeeping function by carefully scrutinizing proffered scientific evidence. Moreover, the UDLA argues that parties are denied the opportunity to meaningfully cross-examine experts in small claims cases because parties do not have the benefit of formal discovery.

¶ 17  Although we acknowledge the legitimacy of the concerns raised by petitioner and the UDLA, we are bound by the language of the statute.[5] As stated previously, the statute clearly enumerates three requirements in order for an action to qualify as a small claims action: (1) the action must be for the recovery of money; (2) the amount claimed must not exceed $5,000; and (3) the defendant must reside or the action of indebtedness must be incurred within the jurisdiction of the court where the action is brought. *See id.* § 78–6–1(1)(a). Other than these requirements, the statute does not limit the types of cases that small claims courts may hear, or exclude certain types of evidence. Therefore, under the language of the statute, neither automobile accident personal injury cases, nor cases involving expert testimony are excluded from the small claims courts' jurisdiction. Because "[t]he small claims court is totally a creature of statute," *Faux*, 725 P.2d at 1374 (citation omitted), we decline the invitation by petitioner and the UDLA to write additional jurisdictional requirements into the statute. Necessary

---

4.  We note that many plaintiffs seeking recovery in Utah's small claims courts are not seeking liquidated damages. *See, e.g., Turner v. Hi–Country Homeowners Ass'n,* 910 P.2d 1223, 1224 (Utah 1996) (action by Homeowners Association to recover unpaid assessment); *Faux v. Mickelsen,* 725 P.2d 1372, 1373 (Utah 1986) (action by landlord to recover past due rent, utilities, and costs for cleaning and repair); *Kapetanov v. Small Claims Court of Ogden,* 659 P.2d 1049, 1051 (Utah 1983) (action to recover food stamp assistance benefits which had allegedly been fraudulently obtained); *Harcourt, Brace, Jovanovich Legal and Prof'l Publications, Inc. v. Gordon,* 635 P.2d 28, 28 (Utah 1981) (action by corporation offering bar review courses against student to collect on promissory note given in exchange for bar review course); *Tuttle v. Hi–Land Dairyman's Ass'n,* 10 Utah 2d 195, 197, 350 P.2d 616, 617 (Utah 1960) (action filed by corporation's

credit manager to recover money defendant owed corporation); *Salt Lake City Corp. v. Leahy,* 848 P.2d 179, 179 (Utah Ct.App.1993) (action by City to recover unpaid parking ticket); *Hood v. Layton,* 751 P.2d 1141, 1142 (Utah Ct.App.1988) (action to recover damages to vehicle); *Meier v. Hobbs & Sons,* 739 P.2d 641, 642 (Utah Ct.App. 1987) (action seeking recovery for repair of damaged sewer lateral).

5.  The dissenting opinion cogently summarizes the policy reasons for changing the statute to take those types of cases out of small claims court. This court cannot rewrite the statute, but we agree with the dissent that it needs review, and hope that the legislature will undertake consideration of the problems identified by this case and by the dissent.

changes must be adopted by the legislature, not added by the court.

### C. $5,000 Award

¶ 18 Finally, petitioner argues that the trial judge exceeded the jurisdiction of the small claims court by awarding $5,000 plus costs and interest, because plaintiff had already received $2,086 in personal injury protection and wage loss benefits from his insurer. This argument is without merit for several reasons.

¶ 19 First, the statute does not require plaintiffs to reduce their damage claims by amounts received from their insurers. Second, even though not required, Mr. Kelly did in fact reduce his damages claim by amounts paid by his insurer. Thus, the trial court's judgment merely attempted to compensate Mr. Kelly for damages that remained unpaid by insurer. Third, the focus of the statute is upon the amount of money that a *court* can award. Clearly, the court did not award the $2,086 that Mr. Kelly received from his insurer. Therefore, the money from the insurer is entirely independent of the $5,000 judgment and should not be added to this judgment. Finally, the statute clearly provides that small claims courts may award up to $5,000 plus costs and interest. According to the judgment entered below, this is precisely what the trial court did. If Mr. Kelly sought to enforce this judgment, he would only be able to recover the amount recorded on the judgment, $5,000. Therefore, the trial court's judgment of $5,000 plus costs and interest did not exceed the jurisdictional dollar amount provided for in section 78–6–1(1)(a) of the Utah Code even though Mr. Kelly had already received $2,086 from his insurer.

### CONCLUSION

¶ 20 We grant petitioner's extraordinary writ, vacate the trial court's judgment, and direct the trial judge to conduct a new trial employing proper evidentiary procedures. Additionally, we conclude that: (1) this court has not yet formally promulgated or authorized any simplified rules of evidence and procedure for the small claims courts required by section 78–6–1(7) of the Utah Code

and will take steps to do so; (2) plaintiffs in small claims actions are not limited solely to the recovery of liquidated damages; (3) automobile accident cases are not outside the subject matter jurisdiction of the small claims courts; and (4) the judgment of the trial court did not exceed the jurisdictional dollar amount of the small claims court.

¶ 21 Chief Justice HOWE, Justice ZIMMERMAN and Judge SHUMATE concur in Associate Chief Justice DURHAM's opinion.

¶ 22 Having disqualified himself, Justice STEWART did not participate herein; Fifth District Court Judge JAMES L. SHUMATE sat.

RUSSON, Justice, dissenting:

¶ 23 I respectfully dissent. I would also vacate the judgment, but I disagree with the majority's interpretation of the small claims jurisdictional statute. I do not believe that section 78–6–1 allows personal injury plaintiffs to bring claims for general damages such as pain and suffering and future economic losses.

¶ 24 The jurisdictional provision at issue in this case states in pertinent part:

(1) A small claims action is a civil action: (a) for the *recovery of money* where the amount claimed does not exceed $5,000 ... and where the defendant resides or the *action of indebtedness* was incurred within the jurisdiction of the court in which the action is to be maintained....

Utah Code Ann. § 78–6–1(a) (Supp.1999) (emphasis added). Although this provision could have been more clearly written, I believe the references to "recovery of money" and "action of indebtedness" evinced a legislative intent to limit the damages available in small claims actions to liquidated sums. Indeed, we have previously held that the small claims act "was established by the legislature to make it possible to dispose of certain actions in an informal manner from their inception to their end with the *sole object* of dispensing speedy justice between the parties." *Faux v. Mickelsen*, 725 P.2d 1372,

1374 (Utah 1986) (per curiam) (emphasis added).

¶ 25 As this case amply illustrates, moreover, an interpretation limiting small claims actions to liquidated special damages is the only one that accords with sound policy. The simplified procedures inherent in small claims actions cannot be adequately adapted to the evidentiary demands of inherently ambiguous general damages claims for pain and suffering or future economic losses. These types of claims nearly always require expert testimony from medical professionals, economic statisticians, accident reconstructionists, and the like. Yet the majority now remands this case for what, in effect, will be a full-blown trial on the merits of plaintiff's general damages claims. Surely, this is not the informal process of "dispos[ing] of minor money disputes by dispensing speedy justice between the parties," *id.* at 1375, that was envisioned by the legislature when it authorized the creation of small claims courts.

¶ 26 Indeed, the parties in this case attempted to try complex general damages issues without the benefit of adequate procedures—either before or during trial—for filtering, narrowing, and assessing the testimony to be presented. As a consequence, the trial court futilely attempted to limit the scope of the proceedings by reducing live expert testimony to proffers by the attorneys. This resulted in an unnecessarily contentious and farcical proceeding where little, if any, useful information could be garnered about the very complicated claims presented. Several pages of the transcript are even devoted to a discussion of plaintiff's claim that his damages included the loss of a potential baseball career. A small claims action simply cannot be the correct context in which to litigate such issues.

¶ 27 Plaintiff clearly has a right to pursue his claims for general damages, but he attempted to do so in the wrong forum. If he desires such damages, he should file a traditional civil action in the district court. I would vacate the trial court's award of general damages and remand with instructions to limit recovery to liquidated special damages.[1]

---

1. In this respect, I agree with the majority that plaintiff's recovery is not necessarily limited by the fact that he has already received PIP benefits. So long as plaintiffs are not afforded a double recovery for items or costs already paid by no-fault PIP, they are entitled to claim up to $5,000 in liquidated special damages.