394 P.2d 383

Donald M. RAYMER and Millers' Mutual
Insurance Association, Plaintiffs
and Appellant,

v.

HI–LINE TRANSPORT, INC., Defendant
and Respondent.

No. 9996.

Supreme Court of Utah.

July 29, 1964.

J. Royal Andreasen, Salt Lake City, for appellant.

L. E. Midgley, Salt Lake City, for respondent.

CALLISTER, Justice.

Appellant, Millers' Mutual Insurance Association, was the collision insurer of Donald Raymer's automobile which was totally destroyed in an accident with a truck owned and operated by respondent, Hi-Line Transport, Inc. At the time of the accident, Hi-Line had liability coverage with Central Casualty Company. Millers', having paid Raymer for his loss (less $50 deductible), commenced this action, as a subrogee, against Hi-Line for the damages to Raymer's automobile. The lower court entered a judgment of no cause of action, and Millers' appeals therefrom.

Under the stipulated facts, we are not concerned with the issue of fault. It is admitted that the accident was the result of Hi-Line's negligence. The sole question to be resolved is whether Millers', a subrogee, can prosecute its claim against the tort feasor, Hi-Line. There is no doubt that, under ordinary circumstances, it could. However, in the instant case, we have complicating factors. Millers' saw fit to pay its obligation to Raymer. Thereafter, Raymer, who had suffered personal injuries in the accident, brought a suit against Hi-Line for these injuries and also for the $50 which he had to pay under the deductible provision of his insurance policy with Millers'. Raymer's attorney advised Millers' of the action, prior to its commencement, and invited it to join and assert its claim. Millers' declined. Millers' declination was evidently prompted by letter correspondence with Central Casualty's agent who advised them that, "We have not been able to dispose of the injury claims and when they are out of the way we will certainly be more than happy to give your subrogation claim consideration."

Hi-Line was unaware of the correspondence between Millers' and Central Casualty. It had evidently entrusted Central Casualty with the disposition and handling of any claims arising out of the accident. Raymer was successful in his law suit, and Central Casualty satisfied his judgment. Central Casualty subsequently went into receivership and Millers' was unable to secure satisfaction of its claim from Central. It thereupon initiated this action against Hi-Line.

We are confronted with the long-established rule against "splitting cause of action." If neither Raymer nor Hi-Line had insurance coverage, Raymer would have been foreclosed from instituting two actions—one for his property damage and one for his personal injuries. Does the fact that there was insurance coverage give

rise to an exception to the rule? In the instant case, we think not.[1]

An annotation in 62 A.L.R.2d reports, commencing at page 982:

"In a substantial majority of jurisdictions, a single act causing simultaneous injury to the physical person and property of one individual is held to give rise to only one cause of action, and not to separate causes based, on the one hand, on the personal injury, and on the other the property loss. * * *

"In jurisdictions supporting the single cause of action rule, the courts have most often taken the view that the rule accurately reflects the principle that a cause of action inheres in the causative aspect of a breach of a legal duty—that is, the wrongful act itself—and not in the various forms of harm which flow therefrom. Recognition of the existence of only one cause of action is said to benefit both plaintiffs (freeing them of delay and burdensome expense) and defendants (relieving them of the injustice of being subjected to more than one suit for a single tort),

and to be in harmony with public policy and the tendency toward simplicity and directness in the determination of controversial rights and the elimination of a multiplicity of suits. * * *

*"The argument that the single cause of action rule may work injustice in cases where one of the elements of damages is the subject of insurance has also been rejected."* (emphasis added)

It seems logical that if an assured cannot split his cause of action, the insurer should not be in a better position. Furthermore, Millers' in the instant case, was in a position to protect its subrogation right, but failed to do so. This court has, in at least two instances, refused to recognize that a cause of action may be split where insurance subrogation rights were involved.[2]

■ Millers' contends, however, that even though the rule against splitting a cause of action is applicable, it was waived by Hi-Line and the latter is estopped to assert it.[3] This contention is without merit. Millers' was afforded an opportunity to join its claim in the action prosecuted by Raymer. It declined. The correspondence with Central did not constitute a waiver by

---

1. We recognize the fact a different result might be reached in other jurisdictions, e. g. American Ins. Co. v. Ellsworth Freight Lines, 113 Ohio App. 426, 178 N.E.2d 819 (1960).

2. Johnson v. Cudahy Packing Co., 107 Utah 114, 152 P.2d 98 (1944); Cederloff v. Whited, 110 Utah 45, 169 P.2d 777 (1946). In the last cited case it

was said: " * * * even though the insurance company is subrogated to a part of the claim of the plaintiff, against the defendant, that does not create another cause of action and there can only be one suit to recover on that cause of action. * * * "

3. e. g. 140 A.L.R. 1245; 1 Am.Jur.2d p. 651.

**430**

Hi-Line (assuming that Central had the authority to make such waiver) of its right to invoke the rule.

Affirmed. Costs to defendant Hi-Line.

HENRIOD, C. J., and CROCKETT and WADE, JJ., concur.

McDONOUGH, J., concurs in the result.