2003 UT App 168

**Ilia DENNIS, Plaintiff and Appellant,**

v.

**David VASQUEZ, Defendant and Appellee.**

No. 20020415–CA.

Court of Appeals of Utah.

May 30, 2003.

Michael A. Katz, Siegfried & Jensen, Murray, for Appellant.

Richard K. Glauser and Albert W. Gray, Smith & Glauser PC, Salt Lake City, for Appellee.

Before Judges JACKSON, BILLINGS, and DAVIS.

## OPINION

JACKSON, Presiding Judge.

¶ 1 Appellant Ilia Dennis appeals the district court's grant of Appellee David Vasquez's summary judgment motion. We affirm.

## BACKGROUND

¶ 2 Dennis brought suit in small claims court for property damage incurred in an automobile accident with Vasquez. In his complaint, he alleged: "Damage to vehicle ... as a result of an auto accident." He then properly served notice of the small claims action upon Vasquez. The opposing parties appeared in court at the appointed time, argued their respective positions, and had

opportunity to present evidence. After hearing argument from both parties, the small claims judge ruled against Dennis and checked the box on the judgment form that states, "No Cause of Action." Dennis did not appeal that judgment. Later, Dennis filed a new suit in district court claiming damages for personal injuries sustained during the same automobile accident. The district court entered summary judgment on grounds that Dennis's claim was barred by claim preclusion.

## ISSUE AND STANDARD OF REVIEW

¶ 3 Dennis challenges the trial court's grant of summary judgment. "We will affirm summary judgment only when 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' We review the trial court's legal conclusions for correctness, granting no deference." *Alder v. Bayer Corp.*, 2002 UT 115, ¶ 20, 61 P.3d 1068 (quoting Utah R. Civ. P. 56(c)) (other citations omitted).

## ANALYSIS

¶ 4 Dennis argues that res judicata does not bar the second suit because (1) the issues in the two suits are not identical, and (2) the judgment in the small claims action was not final and on the merits.

"Generally, 'claim preclusion bars a party from prosecuting in a subsequent action a claim that has been fully litigated previously.' " In order for a claim to be precluded under this doctrine the party seeking preclusion must establish three elements:

"First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits."

*Snyder v. Murray City Corp.*, 2003 UT 13, ¶ 34, 471 Utah Adv. Rep. 5, 73 P.3d 325, 2003 WL 1860524 (citations omitted).[1]

■ Clearly, the first element of claim preclusion, identity of the parties, is met here. The second element, requiring the claim to "have been presented in the first suit or be one that could and should have been raised in the first action" is also met here. *Id.* (quotations and citations omitted). Dennis *"could ... have ... raised"* his personal injury claim in the small claims action. *Id.* (emphasis added) (quotations and citations omitted). *See Kawamoto v. Fratto*, 2000 UT 6, ¶ 15, 994 P.2d 187 (holding small claims courts have jurisdiction to hear personal injury claims).

■ ¶ 6 Further, Dennis *"should* have ... raised" his personal injury claim in the first suit. *Snyder*, 2003 UT 13 at ¶ 34, 73 P.3d 325 (emphasis added) (quotations and citations omitted). The law in Utah generally prohibits splitting causes of action. *See Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 41, 16 P.3d 1214 (stating that where a plaintiff "commences a second action to obtain increased damages, the court will hold him precluded; his claim has been merged in the judgment and may not be split. It is immaterial that in trying the first action he was not in possession of enough information about the damages, past or prospective, or that the damages turned out in fact to be unexpectedly large and in excess of the judg-ment") (emphasis and citation omitted). Thus, where one event damaged person and property, an action to recover for personal injury must be brought at the same time as an action to recover for damage to property. *See Raymer v. Hi–Line Transp., Inc.*, 15 Utah 2d 427, 394 P.2d 383 (Utah 1964); Restatement (Second) of Judgments § 24 cmt. c, illus. 1–2, cmt. g, illus. 13–14 (1982) (illustrating examples similar to this case where rule against splitting causes of action precludes second action).

¶ 7 The third element of claim preclusion under *Snyder*, finality of judgment on the merits, is also met here. It is clear that the judgment was final and precluded Dennis from pursuing any remedy or initiating any further proceedings in small claims court. Thus, the only remedy left available to him was to *appeal* the small claims judgment to the district court. *See* Utah Code Ann. § 78–6–10(1) (2002) (stating "[e]ither party may appeal the judgment in a small claims action to the district court"). Accordingly, we conclude the judgment of the small claims court was final.

■ ¶ 8 "[A] judgment on the merits may be made at any stage of the litigation, so long as the district court rendered judgment based upon a proper[2] application of the relevant law to the facts of the case." *Miller v.*

---

1. Claim preclusion is distinguishable from the other branch of res judicata, issue preclusion. Under the issue preclusion branch,

   > the adjudication of an issue bars its relitigation in another action only if four requirements are met. First, *the issue in both cases must be identical.* Second, the judgment must be final with respect to that issue. Third, *the issue must have been fully, fairly, and competently litigated in the first action.* Fourth, the party who is precluded from litigating the issue must be either a party to the first action or a privy of a party.

   *Madsen v. Borthick*, 769 P.2d 245, 250 (Utah 1988) (emphasis added). Claim preclusion, on the other hand, does not require an identity of the issues, nor does it require that the issues be "fully, fairly, and competently litigated." *Id.* Rather, the precluded claim must be one that "could and should have been raised in the first action," and regardless of whether the claim in fact was raised in the first action, the first action "resulted in a final judgment on the merits." *Snyder v. Murray City Corp.*, 2003 UT 13, ¶ 34,

471 Utah Adv. Rep. 5, 73 P.3d 325 (quotations and citations omitted).

2. Dennis argues that the small claims court improperly applied the law to the facts of the case. He argues that the trial court's determination of no cause of action was based on an erroneous finding that Dennis had signed a waiver of claims. This argument fails.

   > The fact that a judgment is erroneous, voidable, or irregular will not prevent the cause of action from merging in the judgment, nor will it prevent the judgment from acting as a bar to a relitigation of the cause of action, as long as the judgment is not reversed or otherwise set aside. This is true even where the error is undoubted and apparent on the face of the record.

   50 C.J.S. Judgment § 720 (1997). If it is true that the small claims court's decision rested on an erroneous finding, the proper remedy would certainly be to appeal, which Dennis did not do. Thus, he accepted the judgment as proper, and it became impossible to "reverse[ ] or otherwise set aside" the supposedly erroneous judgment. *Id.*

*USAA Cas. Ins. Co.*, 2002 UT 6, ¶ 42 n. 6, 44 P.3d 663. "[A] judgment is on the merits if it completely disposes of an underlying cause of action, *or determines that plaintiff has no cause of action* . . . ." 50 C.J.S. Judgment § 728 (1997) (emphasis added).

¶ 9 Here the small claims court unambiguously determined, after hearing opposing arguments from both parties, that Dennis had "No Cause of Action."[3] Thus, the small claims court applied the "relevant law to the facts of the case," *Miller*, 2002 UT 6 at ¶ 42 n. 6, 44 P.3d 663, and "determine[d] that [Dennis] has no cause of action." 50 C.J.S. Judgment § 728. Accordingly, we conclude the judgment was on the merits.[4]

## CONCLUSION

¶ 10 Because Vasquez established all three prongs of the claim preclusion test, we determine the trial court was correct in ruling that claim preclusion barred Dennis from bringing a second suit. Accordingly, we affirm the district court's grant of summary judgment.[5]

¶ 11 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge, and JAMES Z. DAVIS, Judge.

---

3. "Key factors in determining whether a judgment may be considered as on the merits are that there have been notice and an opportunity to be heard." 50 C.J.S. Judgment § 728 (1997). In this case, it is clear that Dennis had sufficient opportunity to be heard in the small claims court. He chose not to pursue his right of appeal, which would have provided review of the adverse judgment on his property damage claim by trial de novo on the merits in the district court. Rather, Dennis elected to let that judgment stand as final, then filed a new lawsuit in district court to pursue damages for personal injuries.

4. The form used by the small claims judge provided three options for ruling against a plaintiff: (1) No Cause of Action; (2) Dismissal With Prejudice; and (3) Dismissal Without Prejudice. Revision of this form to include a brief explanation of the small claims court's basis for ruling and/or a wider range of more specific dispositional alternatives would likely prevent problems of this type from recurring.

5. Dennis's claim for equitable relief is without merit, and we decline to address it. *See Young v. Salt Lake City Sch. Dist.*, 2002 UT 64, ¶ 21 n. 8, 52 P.3d 1230 (declining to address meritless argument).