2011 UT 44

**Andrew T. ALLEN, Plaintiff and Appellant,**

**v.**

**Melissa MOYER, Defendant and Appellee.**

No. 20090841.

Supreme Court of Utah.

July 29, 2011.

Daniel L. Wilson, Scott G. Nance, Ogden, for plaintiff.

Kent R. Holmberg, Salt Lake City, for defendant.

Associate Chief Justice DURRANT, opinion of the Court:

## INTRODUCTION

¶ 1 In this case, we are asked to determine whether the doctrine of claim preclusion applies to small claims judgments. We conclude that claim preclusion is applicable to small claims judgments because application of the doctrine will promote finality, judicial economy, and consistent judgments.

## BACKGROUND

¶ 2 The facts in this case are undisputed. In 2008, Andrew T. Allen and Melissa Moyer were involved in an automobile accident (the Accident) on Interstate 15 near Murray, Utah. Approximately two weeks later, Mr. Allen filed a complaint against Ms. Moyer in small claims court for property damage arising out of the Accident. The small claims court held a bench trial on Mr. Allen's claim and awarded him a judgment of $4,831.50 for the damage to his car.

¶ 3 Approximately six months after Ms. Moyer paid the judgment amount, Mr. Allen filed a separate action against Ms. Moyer in the Third District Court for personal injuries arising out of the Accident. Ms. Moyer responded by filing a motion for summary judgment, arguing that Mr. Allen's personal injury claim was barred by the doctrine of claim preclusion. In opposition to Ms. Moyer's motion, Mr. Allen contended that under Utah case law and the Utah Rules of Small Claims Procedure, the doctrine of claim preclusion does not apply to small claims judgments. To resolve the issue, the district court turned to the Utah Court of Appeals' opinion in *Dennis v. Vasquez*, in which the court of appeals applied claim preclusion to a small claims judgment.[1] Finding *Dennis* to

be on point, the district court applied claim preclusion to Mr. Allen's personal injury claim and held that his claim was barred. Accordingly, the district court granted summary judgment in favor of Ms. Moyer.

¶ 4 On appeal, Mr. Allen raises three arguments challenging the district court's conclusion that claim preclusion applies to small claims judgments.[2] First, he contends that claim preclusion cannot be applied to small claims judgments because the doctrine has not been incorporated into the Utah Rules of Small Claims Procedure. Second, he argues that this court held in *Faux v. Mickelsen*[3] that claim preclusion does not apply to small claims judgments. Finally, he contends that even if we have not held that claim preclusion is inapplicable to small claims judgments, we should adopt such a rule for personal injury and property damage claims arising out of an automobile accident in light of the unique aspects of small claims courts; that is, their simplified rules and their objective of dispensing speedy justice between the parties. We have jurisdiction to hear this appeal pursuant to section 78A–3–102(3)(j) of the Utah Code.

## STANDARD OF REVIEW

¶ 5 "We review a district court's decision to grant summary judgment for correctness, granting no deference to the district court's conclusions...."[4] Similarly, "[w]hether res judicata, and more specifically claim preclusion, 'bars an action presents a question of law' that we review for correctness."[5]

## ANALYSIS

¶ 6 Claim preclusion is one of two branches of the judicially created doctrine known as res judicata.[6] "Claim preclusion is

1. 2003 UT App 168, ¶¶ 5–7, 72 P.3d 135.

2. Mr. Allen does not challenge the district court's conclusion that his personal injury claim met the claim preclusion test that is applied in other contexts. Thus, we will address only Mr. Allen's arguments that claim preclusion is inapplicable to small claims judgments.

3. 725 P.2d 1372 (Utah 1986) (per curiam).

4. *City of Grantsville v. Redevelopment Agency,* 2010 UT 38, ¶ 8, 233 P.3d 461 (internal quotation marks omitted).

5. *Mack v. Utah State Dep't of Commerce,* 2009 UT 47, ¶ 26, 221 P.3d 194 (quoting *Macris & Assocs., Inc. v. Neways, Inc.,* 2000 UT 93, ¶ 17, 16 P.3d 1214).

6. *See id.* ¶ 29; *see also* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal

premised on the principle that a controversy should be adjudicated only once."[7] To promote this principle, claim preclusion bars a party from bringing in a subsequent lawsuit a related claim that has already been fully litigated.[8] In determining whether claim preclusion bars a litigant from asserting a related claim in a subsequent action, courts impose a three-part test:

> First, both [suits] must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action [because it arose from the same transaction or the same operative facts]. Third, the first suit must have resulted in a final judgment on the merits.[9]

■ ¶ 7 By barring claims that satisfy this three-part test, claim preclusion advances three important purposes. First, it ensures finality and "'protect[s] litigants from harassment by vexatious litigation.'"[10] Second, it "promot[es] judicial economy by preventing previously litigated [claims] from being relitigated."[11] Finally, claim preclusion "preserv[es] the integrity of the judicial system by preventing inconsistent judicial outcomes."[12]

¶ 8 Although the doctrine was initially developed with respect to judgments of courts of general jurisdiction, courts have since applied claim preclusion in other contexts when the application will promote finality, judicial economy, and consistent judgments.[13] For instance, to encourage finality and judicial economy, we have applied claim preclusion to administrative agency determinations.[14]

¶ 9 As to the issue before us, all of the reasons that support claim preclusion's application in other contexts weigh in favor of applying the doctrine to small claims judgments. Specifically, applying claim preclusion to small claims judgments will (1) ensure finality and protect litigants from vexatious litigation, (2) promote judicial economy by preventing related claims from being relitigated, and (3) preserve the integrity of the judicial system by preventing inconsistent judgments.

¶ 10 First, applying claim preclusion to small claims judgments will promote finality and protect litigants by ensuring that parties will have to litigate a controversy only once. Indeed, if claim preclusion were not applied to small claims judgments, parties could be forced to relitigate identical claims in the district court months or years after a small claims judgment is issued. Additionally,

PRACTICE AND PROCEDURE § 4403 (2d ed. 2002) (discussing res judicata as a judicial creation). Specifically, res judicata encompasses the doctrine of claim preclusion and issue preclusion. *See Mack*, 2009 UT 47, ¶ 29, 221 P.3d 194. "'[C]laim preclusion corresponds to causes of action[;] issue preclusion corresponds to the facts and issues underlying causes of action.'" *Id.* (alterations in original) (quoting *Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 31, 194 P.3d 956).

7. *Mack*, 2009 UT 47, ¶ 29, 221 P.3d 194 (internal quotation marks omitted).

8. *See id.*

9. *Id.* (quoting *Snyder v. Murray City Corp.*, 2003 UT 13, ¶ 34, 73 P.3d 325); *see also id.* ¶ 30 (stating that "[c]laims or causes of action are the same as those brought or that could have been brought in the first action if they arise from the same operative facts, or in other words from the same transaction").

10. *Gudmundson v. Del Ozone*, 2010 UT 33, ¶ 30, 232 P.3d 1059 (quoting *Buckner v. Kennard*, 2004 UT 78, ¶ 14, 99 P.3d 842).

11. *Id.* (internal quotation marks omitted).

12. *Id.* (internal quotation marks omitted).

13. *See, e.g., Salt Lake Citizens Cong. v. Mountain States Tel. & Tel. Co.*, 846 P.2d 1245, 1251 (Utah 1992) (noting that claim preclusion's "same basic policies, including the need for finality in administrative decisions, support application of the doctrine . . . to administrative agency determinations"); *see also Buckner*, 2004 UT 78, ¶¶ 14, 22–30, 99 P.3d 842 (holding that the issue preclusion branch of res judicata does not apply to certain arbitration proceedings because such application would not promote judicial economy, consistent judicial outcomes, or finality).

14. *See Utah Dep't of Admin. Servs. v. Public Serv. Comm'n*, 658 P.2d 601, 621 (Utah 1983); *see also Salt Lake Citizens Cong.*, 846 P.2d at 1251 (recognizing that because claim preclusion's purposes are advanced, Utah courts have applied the doctrine to administrative agency determinations since at least 1950).

without claim preclusion, parties would be free to use small claims proceedings as a testing ground to explore the strength of their case or the sufficiency of their evidence before filing a claim in the district court.[15] As a result, parties could be repeatedly dragged into court to litigate the same factual dispute. Such repetitive litigation would undermine the importance of finality in our judicial system and would be financially and emotionally burdensome to litigants.

¶ 11 Second, applying claim preclusion to small claims judgments will advance judicial economy by requiring that plaintiffs assert all of their related claims in one proceeding.[16] Resolving a dispute in one action protects judicial resources from being burdened by the need to address identical claims in multiple forums.[17] In addition, resolving a dispute in one action ensures that judicial resources are expended on binding determinations.

¶ 12 Finally, applying claim preclusion to small claims judgments will preserve the integrity of the judicial system by preventing inconsistent judgments. Inconsistent judgments may occur when multiple courts examine the same evidence to make the same factual determinations. Indeed, it is possible that in a case such as this—where a property damage claim arising out of an automobile accident is litigated in small claims court and a personal injury claim arising out of the same accident is later asserted in the district court—the two courts might reach opposite conclusions regarding the fault of a particular driver. These inconsistent results would not only create problems of liability and a general confusion about fault, but would also undermine public confidence in the judicial process.

¶ 13 In concluding that the doctrine of claim preclusion applies to small claims judgments, we find it highly relevant that parties have broad discretion in deciding whether to bring their claims in small claims court or district court.[18] When plaintiffs choose to take advantage of the benefits of a particular forum, they should not be permitted to save future related claims for later proceedings. Instead, they should be bound by the consequences of choosing that forum.

¶ 14 Furthermore, we are not persuaded by Mr. Allen's three arguments against applying claim preclusion to small claims judgments. First, he argues that claim preclusion cannot apply to small claims judgments because the doctrine has not been incorporated into the Utah Rules of Small Claims Procedure. But nothing in our claim preclusion jurisprudence suggests that the doctrine must be incorporated into a procedural rule before it can be applied to other judicial proceedings. This is because our procedural rules do not purport to set forth every available legal doctrine from our case law. Instead, the rules of procedure govern only the process by which a cause of action moves through the judicial system. And claim preclusion is a judicially created doctrine, "not a mere matter of practice or procedure."[19] Because claim preclusion is a judicially created doctrine, it is the role of this court to determine whether the doctrine applies to a particular type of final judgment. Accordingly, the application of claim preclusion is not dependent upon incorporation into a procedural rule.

¶ 15 Second, Mr. Allen contends that this court held in *Faux v. Mickelsen*[20] that claim preclusion does not apply to small claims proceedings. But contrary to Mr. Allen's

---

15. *See, e.g., Hindmarsh v. Mock*, 138 Idaho 92, 57 P.3d 803, 806 (2002) (recognizing that without claim preclusion, "plaintiffs in small claims cases will not feel obligated to present all of their claims or all of their evidence ... and they can simply file again ... if need be").

16. *See id.* ("[J]udicial economy is not served by encouraging resolution of property claims in small claims court and other claims in district court. This creates two lawsuits, rather than one.").

17. *See id.* In this respect, the judicial interest in avoiding the burden of repetitive litigation is allied with a party's interest in finality and preventing vexatious lawsuits.

18. *See Faux v. Mickelsen*, 725 P.2d 1372, 1374 (Utah 1986) (per curiam) (noting that the jurisdiction of small claims court is not exclusive).

19. *Nipper v. Douglas*, 2004 UT App 118, ¶ 13, 90 P.3d 649 (internal quotation marks omitted).

20. 725 P.2d 1372 (Utah 1986) (per curiam).

assertion, our holding in that case was not so broad as to make claim preclusion inapplicable to all small claims judgments. Instead, in *Faux* we addressed only the narrow issue of how to treat counterclaims that would ordinarily be compulsory under rule 13(a) of the Utah Rules of Civil Procedure, but which are not raised in a small claims proceeding.[21] To resolve this issue, we examined the plain language of Utah Code section 78–6–2.5 and concluded that under the statute, such counterclaims were to be treated as permissive.[22] Because the statute allowed defendants to assert compulsory counterclaims outside of the small claims action, we held that claim preclusion would not apply to this limited category of counterclaims.[23] The fact that we declined to extend claim preclusion to compulsory counterclaims did not mean that we made claim preclusion categorically inapplicable to small claims judgments. Indeed, nothing in our holding stated or implied such a broad pronouncement. Accordingly, our holding in *Faux* should not be interpreted to exempt claim preclusion from all small claims judgments.

¶ 16 Finally, Mr. Allen argues that we should exempt claim preclusion from small claims judgments regarding property damage claims arising out of an automobile accident because of the unique aspects of small claims courts. Specifically, Mr. Allen asserts that in light of small claims courts' simplified rules and objective of "dispensing speedy justice,"[24] parties involved in an automobile accident should be allowed to split their property and personal injury claims and resolve the property damage claim quickly in small claims court. Then, after the speedy resolution of the property damage claim, parties should be allowed to assert any personal injury claim in the district court when the full extent of the injury is realized. Mr. Allen advocates this position because "[t]he value of damage to a vehicle is ascertainable immediately after the collision ... [but] injuries to the person may not be known for months or even years" after an accident. In rejecting this argument, we note that Mr. Allen's position conflicts with our clear precedent that "a single act causing simultaneous injury to the physical person and property of one individual ... give[s] rise to only one cause of action, and not to separate causes based ... on the personal injury, and ... the property loss."[25] Furthermore, while we recognize that the speedy and informal nature of small claims proceedings may make litigants want to bring their property damage claim quickly in small claims court and later file a personal injury claim in district court, we believe the policy reasons discussed above outweigh the potential desire of litigants to split their property and personal injury claims.

¶ 17 For the foregoing reasons, we hold that claim preclusion applies to small claims judgments.[26] To ensure that future plaintiffs

---

21. *See id.* at 1374–75.

22. *See id.*

23. *See id.* at 1375.

24. Utah Code Ann. § 78A–8–104(1) (2008) ("The hearing in a small claims action has the sole object of dispensing speedy justice between the parties.").

25. *Raymer v. Hi–Line Transp., Inc.*, 15 Utah 2d 427, 394 P.2d 383, 384 (1964) (internal quotation marks omitted).

26. While agreeing with the analysis in this opinion, Chief Justice Durham argues that we should not apply this holding to Mr. Allen, but should apply our holding prospectively only. We decline to do so. At the time Mr. Allen filed his two actions, the operative law on this issue was set forth in *Dennis v. Vasquez*, a case directly on point. 2003 UT App 168, ¶¶ 5–7, 72 P.3d 135. And until we overrule a court of appeals decision, it stands as the controlling law. Accordingly, when Mr. Allen filed his two suits, the operative law was that claim preclusion applied to small claims judgments.

In addition, although Chief Justice Durham also expresses concern about our holding's fairness to Mr. Allen, we note that fairness to Ms. Moyer must also bear on our decision of whether to apply our holding prospectively only. And because *Dennis* set forth the operative law at the time the suits were filed, Ms. Moyer may have justifiably relied on it in her defense against Mr. Allen's property damage claim.

Furthermore, our holding in *Turner v. Hi–Country Homeowners Association*, 910 P.2d 1223 (Utah 1996), does not suggest that claim preclusion would not apply to small claims judgments. In *Turner*, we did not apply issue preclusion to a particular small claims judgment because the lack of a record made it impossible to evaluate an element of that doctrine, specifically whether

are aware of this conclusion, we instruct the Supreme Court Advisory Committee on the Utah Rules of Civil Procedure, which oversees small claims courts, to provide small claims litigants with express notice that claim preclusion applies to small claims judgments.[27]

## CONCLUSION

¶ 18 We hold that the doctrine of claim preclusion applies to small claims judgments because application of the doctrine will promote finality, judicial economy, and consistent judgments. Therefore, we affirm the district court's grant of summary judgment in favor of Ms. Moyer.

¶ 19 Justice NEHRING and Justice LEE concur in Associate Chief Justice DURRANT's opinion.

Chief Justice DURHAM, concurring and dissenting:

¶ 20 I concur with the majority's analysis on the applicability of claim preclusion to small claims judgments. On grounds of fairness and equity, however, I would apply the rule announced today only prospectively.

¶ 21 First, the rationale we apply today was not a foregone conclusion to anyone reviewing our holding in *Faux v. Mickelsen*, in which we observed the following:

> The general purpose ... of the [Small Claims] Act is to dispose of minor money disputes by dispensing speedy justice between the parties.... Faux and Nacey's

counterclaim consisted of several causes of action and alleged damages in excess of the small claims court's jurisdiction. Under Mickelsen's interpretation of the statute, they were compelled to bring their counterclaim and to remove the entire case to the circuit court for trial and adjudication. We believe that such a procedure would have the effect of defeating the purpose of the Act to dispense speedy justice to Mickelsen on a simple money judgment.

725 P.2d 1372, 1375 (Utah 1986) (per curiam). It is true that, as the majority opinion points out, we were not dealing with the issues of splitting claims and claim preclusion in *Faux*, but certainly someone reading the above language from that opinion might have reasonably predicted that other rules resembling those governing compulsory counterclaims might be suspended in the context of the specialized purposes of small claims proceedings.[1] Furthermore, we had previously refused to apply issue preclusion (the other branch of res judicata) to small claims judgments due to "the absence of a court record or other specific evidence concerning the scope of the prior proceeding." *Turner v. Hi–Country Homeowners Ass'n*, 910 P.2d 1223, 1226–27 (Utah 1996); *see also id.* at 1227 ("In particular, we cannot determine whether the issue in the prior case was identical to the present issue. and whether the issue was fully, fairly, and competently litigated.").

¶ 22 Second, the instructions available to the small claims plaintiff in this case were

---

an issue had been fully litigated. 910 P.2d at 1226–27. But claim preclusion does not involve this same element. Therefore, applying claim preclusion to small claims judgments does not present the same logistical problems as those identified in *Turner*. In fact, a court is capable of evaluating the three-part claim preclusion test without the need for a small claims record. Thus, our holding in *Turner* cannot reasonably serve as a basis for expecting that claim preclusion would not apply to small claims judgments.

We also disagree with the assertion that the small claims court instructions available to Mr. Allen were misleading. While the instructions could have been more clear, they do not evidence a misrepresentation about the applicability of claim preclusion to small claims judgments.

27. Such express notice might be accomplished by including a statement on the small claims

affidavit—which takes the place of a complaint—stating that "all of plaintiff's claims arising out of the same facts, occurrence, or transaction, must be raised in a single action."

1. In this regard, the court of appeals' decision in *Dennis v. Vasquez* does not resolve the issue before us. In *Dennis*, the court of appeals applied claim preclusion to a small claims judgment. 2003 UT App 168, ¶ 10, 72 P.3d 135. The majority opinion, however, correctly treats this as an issue of first impression for our court. Furthermore, someone reading the language from *Faux* could have reasonably concluded that this court would not impose claim preclusion on small claims judgments. And any purported reliance on *Dennis* as controlling law is undermined greatly by the misleading instructions given to small claims plaintiffs. *See infra* ¶ 22 & n. 2.

misleading: they explained that claims worth more than the jurisdictional limits could not be filed in the small claims court without *also* explaining that any such claims arising from the same incident at issue would be lost if not pled. Under similar circumstances, we afforded relief to the affected party on reliance and fairness grounds in *Kawamoto v. Fratto*, 2000 UT 6, ¶ 13, 994 P.2d 187. Given that small claims court procedures are designed to permit and encourage parties to represent themselves, instructions that lead parties into mistakenly forgoing their rights or claims should be accounted for in the application of this rule. This is particularly so when our court had never addressed the application of the rule to small claims cases and even attorneys might have had grounds for believing that we would go another direction based on our language in *Faux* and *Turner*.[2]

¶ 23 Although the majority is correct that "fairness to Ms. Moyer must also bear on our decision," *supra* ¶ 17 n. 26, on balance I believe that the potential unfairness to Mr. Allen outweighs any unfairness to Ms. Moyer. For the foregoing reasons, I would apply the rule announced by the majority opinion only prospectively and would permit this claimant to pursue his personal injury claim in district court.

¶ 24 Justice PARRISH concurs in Chief Justice DURHAM's opinion.

2. Furthermore, one attorney has asserted that "it is common practice for small claims judges to advise litigants securing $10,000 judgments capped only by the jurisdictional limit that *res judicata* does not prevent litigants from seeking the damages exceeding the jurisdictional limit in subsequent actions in district court." Steven Rinehart, *Small Claims Courts: Getting More Bang for Fewer Bucks*, 23 UTAH BAR J. 32, 33–34 (2010).